(No. 20338.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GLEN ERVIN, Plaintiff in Error.

*Opinion filed December 18, 1930—Rehearing denied Feb. 6, 1931.*

EDWIN JOHNSTON, PAUL R. DURR, and L. T. GRAHAM, (A. M. FITZGERALD, and MERRILL H. JOHNSTON, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, A. W. SCHIMMEL, State's Attorney, and JOEL C. FITCH, for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

Plaintiff in error, Glen Ervin, was indicted and upon his third trial convicted in the circuit court of Pike county and sentenced to imprisonment in the penitentiary for the

crime of embezzlement. The first two trials resulted in jury disagreements. He brings the record here for review on writ of error.

The indictment originally contained six counts, but all except the first two were quashed. These two counts in varying language charged that plaintiff in error embezzled a large sum of money, to-wit, $1500, which was in his possession by virtue of his office as clerk of the circuit court of Pike county. The prosecution was required by the court to file, and did file, a bill of particulars, which was thereafter amended so that at the time of the trial the third amended bill of particulars was in effect. This bill of particulars contained two specifications. The first was that plaintiff in error, as clerk of the circuit court of Pike county, received certain fees, amounting to $119, in the case of McDowell *vs.* Babb, which fees were embezzled as charged in the indictment in this case. The second specification was that plaintiff in error, as clerk of the circuit court of Pike county, "did receive filing fees in the following cases, [specifying certain cases,] which said filing fees were embezzled as charged in the indictment in this case." The object of a bill of particulars is to give the defendant notice of the specific charge against him and to inform him of the particular transactions brought in question so that he may be prepared to make his defense. (*Cooke* v. *People,* 231 Ill. 9; *McDonald* v. *People,* 126 id. 150.) Its effect, therefore, is, treating the bill of particulars as a pleading, to limit the evidence to the transaction set out in the bill of particulars, otherwise the specifications of the bill of particulars would be a delusion or legal snare, furnished for the purpose of deceiving a defendant. (*People* v. *Depew,* 237 Ill. 574; *McDonald* v. *People, supra.*) The jury in their verdict did not fix the amount which they found had been embezzled.

Plaintiff in error was elected clerk of the circuit court of Pike county at the November, 1924, election and held

the office from the first Monday of December, 1924, until the first Monday of December, 1928. At the time of his election he was twenty-seven years of age. He had not been educated in the public schools beyond the seventh grade and at the time of his induction into the office had no previous clerical or business experience which in any way fitted him for the performance of the duties of the office. The evidence showed that the greater portion of the fees mentioned in the bill of particulars had been paid to plaintiff in error or some other person for him, the checks cashed and the proceeds deposited in a bank to plaintiff in error's account as circuit clerk. It is contended by plaintiff in error that as the indictment charged him with the embezzlement of money and as the evidence showed that the fees mentioned in the bill of particulars were paid by check, he could not be found guilty of embezzling the checks under such indictment. Where, as here, the evidence shows that a circuit clerk received checks for fees required to be paid to him as such clerk and that such checks were deposited to the credit of his account as such clerk, if the evidence shows that he is otherwise guilty of embezzling the proceeds of such check it is no defense that the payment was made to him by check and not in money, where the indictment alleges the embezzlement of money in his hands as such officer.

It is claimed by plaintiff in error that the filing fees which he is alleged to have embezzled belonged to him and not to the county and that he could not be held guilty of embezzling the same. By section 9 of article 10 of the constitution of 1870 it is provided that the clerks of all the courts of record shall receive as their only compensation for their services, salaries to be fixed by law, which shall be paid only out of the fees of the office actually collected, and that all fees, perquisites and emoluments above the amount of the salaries shall be paid into the county treasury. By section 10 it is provided that the county

board shall fix the compensation of the clerks of the circuit courts, with the amount of their necessary clerk hire, stationery, fuel and other expenses, that such compensation shall be paid only out of, and in no instance exceed, the fees actually collected, and that all fees or allowances by them received in excess of their said compensation shall be paid into the county treasury. The clerk of the circuit court, where the county board has fixed the compensation at one amount for his personal services and at another amount for the expenses of his office, may retain out of the fees collected the amount allowed to him for his personal services and such sum actually expended by him for the office expenses mentioned in the constitution, and all fees in excess of such compensation and expenses actually incurred shall be paid into the county treasury. (*Brissenden* v. *County of Clay,* 161 Ill. 216; *Jennings* v. *Fayette County,* 97 id. 419; *Cullom* v. *Dolloff,* 94 id. 330.) The filing fees mentioned in the bill of particulars in theory belong to the county. If collected by the clerk they must be accounted for as other fees and any excess over his salary and expenses covered into the county treasury, (*County of LaSalle* v. *Milligan,* 143 Ill. 321,) and if such excess be embezzled by the clerk, when properly put on trial for such crime he may be found guilty thereof. It follows, therefore, that a clerk of the circuit court who has received fees for services officially rendered, receipted for the same and mingled them with other fees belonging to his office, cannot, on a trial limited solely to the embezzling of such fees so received and mingled with the other fees of his office, be found guilty of embezzlement where it does not appear that at the time he converted them to his own use such fees were then in excess of the amount due him from the county and the amount legally expended by him for the expenses of his office.

On his examination in chief plaintiff in error was asked the question, "Were you connected with the World War in

any capacity?" to which question an objection of the State's attorney was sustained by the court, and this ruling of the court is assigned as error. Plaintiff in error's connection with the World War in nowise showed or tended to show his guilt or innocence of the crime with which he was charged, and the court properly sustained the objection thereto.

The filing fees mentioned in the bill of particulars were claimed to have been received by plaintiff in error in the year 1928. For the half year ending June 1, 1928, he made his report to the board of supervisors of Pike county. This report was examined by the committee on salaried officers of the board of supervisors, who found that there was due to the county from plaintiff in error the sum of $290.73. His report for the last half year ending December 3, 1928, showed a balance due the county of $228.80. This report was examined by the same committee, which certified that it examined the records of the earnings and receipts and found them to be correct, approved the report and ordered a balance of $509.28 paid into the county treasury, which payment was made on December 8, 1928. Just how this exact amount was determined does not appear. In neither of these reports was there any allowance or deduction made for any expenses of the office except for clerk hire and fees returned, in accordance with law, to persons who had paid them. The evidence does not show what plaintiff in error's salary was nor the amount of the allowance which had been made him for clerk hire and expenses. There was evidence showing that some of the filing fees specified in the bill of particulars were paid in 1928 either to plaintiff in error or to his deputy, that the receipt of such fees was not entered upon the fee book required by law to be kept and that such fees were not included in either of the 1928 reports. Plaintiff in error testified with reference to these items that certain cases were not on the fee book because they were forgotten, on account of so much work in the office. He was then asked

this question, "You may state, so far as your recollection affords, what was done with the different moneys." The answer was, "They were paid out for the expenses of the office." The prosecution objected because if checks are introduced they are the best evidence of what became of the money that was paid. This objection was sustained. This ruling of the court was erroneous. Where a person has personal knowledge that a payment was made, it is competent for him to testify to such payment even though a receipt be received by him.

Plaintiff in error testified to the receipt of certain filing fees which were not entered in the fee book or reported to the board of supervisors. With reference thereto he was asked this question, "At the time that money was paid you, you may state with what intention you received the same." The State's attorney objected to this question and the objection was sustained. He was then asked this question, "At the time money was paid you, did you have any intention and purpose of applying it to your own purposes other than to the purposes which the law required?" He answered, "I did not." This answer was stricken on motion of the State's attorney. Plaintiff in error testified with reference to the money received by him, "I paid it out and deposited part of it, and paid it out for expenses of the office in different ways." He was then asked the question, "Did you, yourself, dishonestly retain any of them?" and he answered, "I did not." The answer was on motion of the State's attorney stricken. Plaintiff in error assigns as error that he was not allowed to state his intention with reference to his acts which are claimed by the State as acts constituting embezzlement by him of the moneys so received.

Mere proof of the receipt of funds and failure to account therefor is not sufficient, in itself, to show embezzlement. There must be other evidence of the conversion. (*People* v. *Davis*, 269 Ill. 256.) One of the elements necessary to be proven to constitute the crime of embezzlement

is a criminal intent. Where intent is of the essence of a crime charged, a defendant has the right to testify as to what his intention was in the commission of the acts which the State claims constitute the crime. (*People* v. *Storer*, 329 Ill. 536.) In *Wohlford* v. *People*, 148 Ill. 296, upon this subject this court said: "What the circumstances connected with the perpetration of the offense are or may be is always a matter to be proved on the trial, and we perceive no reason why the defendant may not testify to his intention, which will go to the jury and be considered by them in connection with the other facts and circumstances surrounding the transaction. While the intention is manifested by circumstances connected with the perpetration of the offense and the sound mind and discretion of the person accused, as declared by the statute, yet other evidence of intention may be resorted to either by the prosecution or defense." While some of the questions asked plaintiff in error were objectionable in form the objection thereto was general and not specific. A general objection only goes to the competency, relevancy and materiality of the evidence sought to be introduced. The court erred in not allowing plaintiff in error to testify as to his intention.

The court instructed the jury that the intent with which an act is done may be proved by direct and positive testimony or be inferred from all the facts and circumstances surrounding and attending the act as shown by the evidence in the case. There was no direct evidence of an intent to embezzle, and to establish that material element of the crime charged it would have to be inferred from the facts and circumstances proved. The jury might readily understand the instruction to assume the presence of the required intent. This instruction was held erroneous in *People* v. *Johnson*, 333 Ill. 469, and should not have been given. *People* v. *McLaughlin*, 337 Ill. 259.

The court gave a lengthy instruction as to the weight to be given to the testimony of the defendant, which con-

tained, among other things, the following: "And the court further instructs the jury that if, after considering all the evidence in the case, they find the defendant willfully and corruptly testified falsely as to any fact material to the issues in this case, they have the right to entirely disregard his testimony, excepting in so far as his testimony is corroborated by other credible evidence." This instruction was not general but erroneously singled out the defendant.

Plaintiff in error was neither on trial for a violation of section 215 of division 1 of the Criminal Code (Cahill's Stat. 1929, p. 965,) for a failure to pay moneys to his successor or to the person or officer to whom the same should be paid, when required by law or upon demand made by the proper person, nor was he on trial for a violation of sections 51 and 52 of chapter 53 (Cahill's Stat. 1929, pp. 1331; 1332,) for a failure to properly keep his fee book and properly report his receipts and necessary expenses to the county board, nor for a failure to pay the balance found due into the county treasury, but he was on trial under indictment for embezzlement, the evidence as to which was limited by the bill of particulars to the embezzlement of certain specified sums of money. Notwithstanding these facts the court gave to the jury lengthy and involved instructions as to plaintiff in error's duties under these sections, for violation of which he was not on trial, by which instructions the jury might readily believe that they should find him guilty if the evidence showed that he was guilty of a violation of section 215 of the Criminal Code or sections 51 and 52 of chapter 53. The giving of these instructions in this particular case was error.

For the errors indicated herein, the judgment of the circuit court of Pike county is reversed and the cause remanded.

*Reversed and remanded.*