(No. 22520.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES J. WOLF, Plaintiff in Error.

*Opinion filed October 24, 1934—Rehearing denied Dec. 17, 1934.*

ODE L. RANKIN, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, J. ALBERT WOLL, JOHN T. GALLAGHER, and HENRY E. SEYFARTH, of counsel,) for the People.

Mr. JUSTICE HERRICK delivered the opinion of the court:

On April 27, 1933, an indictment was returned by the grand jury in the criminal court of Cook county charging Charles J. Wolf (hereinafter called the defendant) with the embezzlement of $38,345.99. The indictment consisted of six counts. Counts 1 and 2 charged the defendant, as president of the Citizens State Bank of Melrose Park, with embezzling said sum on May 23, 1930, from the bank. Counts 3 to 6, inclusive, charged him, as treasurer of the Veterans Park District, with the embezzlement on the same date of the same sum from the park district. On motion made by the defendant the People filed a bill of particulars, which amongst other things stated: "That Charles J. Wolf, on or about May 23, 1930, then and there being president, officer and agent in the employ of the Citizens State Bank of Melrose Park, a corporation, and then and there being treasurer of Veterans Park District, a municipal corporation, without right or authority by virtue of either of said offices fraudulently converted and embezzled to his own use $38,345.99 of the moneys on deposit in the Citizens State Bank of Melrose Park in the account of Veterans Park District on the dates and in the amounts following: September 30, 1929, $4000; September 20, 1929, $10,100; October 8, 1929, $4943.66; October 21, 1929, $5625; October 31, 1929, $4977.09; December 24, 1929, $2036; January 17, 1930, $5092.50; May 23, 1930, $1571.74."

Before pleading to the indictment, and subsequent to the filing of the bill of particulars, the defendant made his motion to compel the People to elect as to which felony charged by the indictment they would prosecute. This motion was denied. The defendant renewed his motion at the close of the evidence for the People. The motion was again denied. The defendant put in his evidence and the People their evidence in rebuttal. At the close of all the evidence in the case the People entered a *nolle prosequi* as to counts 1 and 2. The jury found the defendant guilty

of the embezzlement charged in counts 3 to 6, inclusive, and the value of the property embezzled to be $38,345.99. The motions made by the defendant for new trial and in arrest of judgment were overruled, judgment was entered on the verdict and the defendant was sentenced to the penitentiary. To review that judgment a writ of error has been sued out of this court by the defendant.

All of the several sums claimed to have been embezzled by the defendant, excepting the item of January 17, 1930, in the amount of $5092.50, were involved in the case of *People* v. *Wolf*, 352 Ill. 109. The facts surrounding those transactions as then shown by the record in that case are fully stated in that opinion. In that case, however, no evidence was offered by the defendant, while in the present case he put in evidence.

The defendant urges that the indictment by the first and second counts charged embezzlement by him, as a bank official, of the funds of a bank, and the remaining counts charged embezzlement by him, as treasurer of the park district, of the funds of such district; that two separate and distinct felonies being charged, the trial court erred in not compelling the People, at the close of the evidence for the People, to elect on which of the two felonies charged they would rely for a conviction. The indictment does charge two separate and distinct felonies—embezzlement from two corporations, one a private the other a municipal corporation, toward each of which the defendant bore a different relationship. Different penalties are prescribed by the statute for the commission of the separate offenses. Section 76 of the Criminal Code relates to embezzlement by a bank official from his bank, with a punishment for the violation of such section fixed at from one to ten years' imprisonment in the penitentiary. Section 81 relates to embezzlement by a public official, with a penalty for a violation thereof fixed at from one to fifteen years.

A general verdict of guilty on the indictment as it stood at the time of the making of the motions to elect could not have been sustained as a matter of law. The case presented is not that of an indictment making charges relating to the same transaction and charging one offense in varying language to meet any possible discrepancies or variations in the proofs, but it was one in which two separate and distinct issues, wholly unrelated, are charged. The only matters charged by the different counts which were common to the two groups of counts were the dates of the commission of the alleged offense and the amount alleged to be embezzled. The capacity in which the defendant acted, the corporate owner of the funds alleged to have been embezzled and the amount of punishment fixed by the statute were not common to the two groups of counts. The People, as shown by the bill of particulars, were in possession of the facts relating to the supposed embezzlement. It was obvious that two unrelated felonies were involved, and the People could not legally require the defendant to put in his evidence, and thus possibly assist the People in arriving at the conclusion upon which of the two unrelated felonies they could more safely go to the jury. The defendant is never required to make out the People's case. The defendant, under the indictment and the proof, had the absolute right, at the close of the evidence for the People, to compel the People to elect on which of the two groups of counts they would rely for a conviction. In this State, where the mode of trial is not changed by statute, the trial of criminal cases proceeds as at common law. At common law the defendant cannot be forced to trial upon two disassociated felonies in the same proceeding. The trial court erred in not compelling the People, at the close of their evidence, to elect upon which of the two felonies charged by the indictment they would elect to prosecute. *Goodhue* v. *People,* 94 Ill. 37; *West* v. *People,* 137 id. 189; *People* v. *Pelinski,* 293 id. 382.

The defendant was entitled to a trial free from material and substantial errors. (*People* v. *Green,* 292 Ill. 351; *People* v. *Ahrling,* 279 id. 70; *People* v. *Jacobs,* 243 id. 580; *People* v. *Gardiner,* 303 id. 204.) Regardless of the guilt or innocence of a defendant, he is entitled to a fair and impartial trial. The law does not differentiate, as to its character, the trial any defendant, guilty or innocent, shall receive. There is not one type of trial procedure to be accorded an innocent defendant and a different kind of trial procedure to be accorded a guilty defendant. *People* v. *McLaughlin,* 337 Ill. 259.

Without considering other grounds of reversal, for the error hereinbefore pointed out the judgment of the criminal court is reversed and the cause remanded.

*Reversed and remanded.*