(No. 27934.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PETER RESCO, Plaintiff in Error.

*Opinion filed Nov. 22, 1944—Rehearing denied Jan. 15, 1945.*

PETER RESCO, *pro se.*

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE MURPHY delivered the opinion of the court:

On February 15, 1938, three indictments were returned in the criminal court of Cook county, by two of which plaintiff in error and Frank Chrobak were charged with robberies while armed. The third indictment charged that on April 18, 1936, the same defendants murdered Filician Maya. The indictments for robbery each contained an habitual criminal count as to plaintiff in error. Chrobak

entered a plea of guilty in each case and was sentenced to the penitentiary. Plaintiff in error pleaded not guilty and was tried before the court without a jury. The public defender of Cook county represented him. He was found guilty on all charges and sentenced to the penitentiary for life. He has sued writs of error out of this court to review all of said convictions. He appears *pro se*.

The errors assigned refer to the admission of evidence, statements made by the State's Attorney, and that the evidence does not support the conviction. That part of the record which pertains to the murder charge shows that the People introduced in evidence statements signed by plaintiff in error and Chrobak, respectively, admitting their guilt. It is contended that Chrobak's statement was not made in the presence of plaintiff in error, and for that reason should not have been admitted in evidence against him. The record discloses that Chrobak was arrested January 31 and plaintiff in error on February 6, 1938. Soon after Chrobak was taken into custody, he made admissions to the police officers which evidently led to the arrest of plaintiff in error. Soon after plaintiff in error was taken into custody, he admitted his participation in the killing of Maya. He was interrogated by an assistant State's Attorney and the questions and his answers were reduced to writing and he signed the statement in the presence of witnesses. There is no claim that it was not voluntarily made. At the same time, but following plaintiff in error's statement, Chrobak was questioned and his answers were likewise reduced to writing and signed. The questions propounded to each clearly indicate that the statements were made in the presence of each other. Both defendants agree as to the details and there is nothing in the Chrobak statement that involves plaintiff in error that is not also included in his own statement. Under such circumstances, there was no error in admitting the Chrobak statement in evidence.

The evidence pertaining to the robberies was placed in the record by stipulation. It was agreed that if certain witnesses were present they would testify to certain facts. It is contended that it was error to introduce evidence in this manner. In *People* v. *Malin,* 372 Ill. 422, it was held that where a defendant in a criminal case is represented by competent counsel, he may, if he deems it to be for the best interest of his client, stipulate the facts to which the People's witnesses will testify. There is no merit in this contention.

The statements of the State's Attorney, of which plaintiff in error complains, are the facts which were included in his recitation as to what certain persons would testify to if produced as witnesses. There was nothing included in such statements which was not a part of the stipulation. The evidence in each case was sufficient to prove the guilt of plaintiff in error. He had a fair trial and the judgments are affirmed.

*Judgments affirmed.*