(No. 30980.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* THOMAS J. O'MALLEY, JR., Plaintiff in Error.

*Opinion filed Sept. 22, 1949—Rehearing denied November 21, 1949.*

RAPHAEL E. YALDEN, of Rockford, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and ROBERT J. ELLIS, State's Attorney, of Freeport, (HARRY L. PATE, of Tuscola, of counsel,) for the People.

Per CURIAM: The defendant, Thomas J. O'Malley, Jr., was indicted in the circuit court of Stephenson County for the crime of embezzlement. The indictment contained eight counts, the first six charging defendant with the crime of embezzlement by an agent and the last two charging embezzlement by an attorney, a misdemeanor. In three of the first six counts, defendant was charged with embezzling unidentified property of the value of $1000 from Blanche Meinert on October 7, 1947, and in the other three counts the property was alleged to have been embezzled from Blanche Meinert, executrix of the will of Ralph Meinert, deceased. Defendant presented a written motion to quash the indictment on certain specified grounds but the motion was denied. At the close of all the evidence, counts 7 and 8 were *nolle prossed*. The jury returned a verdict of guilty and, thereupon, defendant was sentenced to imprisonment in the penitentiary for a term of not less than one year nor more than three years. To obtain a reversal of the judgment of conviction, defendant prosecutes this writ of error.

Blanche Meinert, widow of Ralph Meinert, was the principal witness for the prosecution. She testified that defendant, an attorney, is her cousin and that, prior to the

death of her husband on April 11, 1947, he had performed legal services for both of them, including the drawing of their wills. Upon the death of her husband, defendant volunteered to take care of all of her affairs and she assented.

By his will, Ralph Meinert named his wife as sole beneficiary and executrix. The principal asset of the estate consisted of thirteen shares of the stock of the State Bank of Davis, valued at $1000, and the total assets aggregated $1848. Furthermore, at the death of her husband, Blanche Meinert, as surviving joint tenant, became the sole owner of four improved parcels of real estate. Claims against the estate amounted to $1097, and included a debt of approximately $700 owed to an equipment company. It also appears that there were some other debts in addition to the claims filed against the estate.

On May 31, 1947, Blanche Meinert gave defendant a check for $400 for the purpose of having the abstracts on her properties brought down to date and for the payment of taxes. She further testified that, on July 7, 1947, she gave defendant a check for $200, the proceeds of which were to be held by him in escrow in connection with her contract to sell one of her properties. On July 17, she gave defendant two checks, one for $700 to pay the debt to the equipment company and one for $350 representing the balance in the estate account to be used to settle the estate. Evidence as to these transactions was admitted over defendant's objection that it tended to show the commission of other crimes not charged in the indictment.

Early in August, 1947, Blanche Meinert moved to Florida. Before departing, she entrusted all her legal papers and affairs to defendant. In particular, she indorsed the bank stock certificates in blank and delivered them to defendant with instructions to sell the shares and to use the proceeds to pay the remaining debts of the estate, the bal-

ance to be forwarded to her. This testimony was corroborated to a large extent by the cashier of the State Bank of Davis who added that, on October 8, 1947, he purchased the bank shares for himself and others and gave defendant a cashier's check for the agreed price of $1000 payable to defendant as attorney for Blanche Meinert.

The prosecuting witness received no money from defendant while she was in Florida and, upon learning that her taxes were delinquent and estate debts unpaid, she returned to Illinois in the latter part of October, 1947, and demanded money from defendant to meet pressing obligations. On October 29, defendant gave her a check for $300 which was returned for insufficient funds. Blanche Meinert then consulted L. A. Jayne, an attorney, who swore out a warrant for the arrest of defendant on the charge of issuing a check with intent to defraud. Following this, there was a conference of all the parties on November 15, 1947. Defendant appeared at the meeting with his present counsel. Jayne, Blanche Meinert and her daughter, Neva Messman, who was also present, all testified that a demand was made upon defendant for the return of the sums paid to him and that defendant admitted he took the money and promised to repay it if given time. Blanche Meinert and her new attorney refused to attempt to halt the pending criminal proceeding originating in the check of October 29. A second inconclusive meeting was held toward the end of November and, about the same time, defendant returned to Blanche Meinert legal papers and securities not here involved. Despite repeated promises to pay, defendant never returned any money to his cousin and client and, in March, 1948, he was indicted for embezzlement, as previously related.

L. A. Jayne was the only other important witness called by the prosecution. He testified that Blanche Meinert first consulted him on October 31, 1947, and thereafter

he was engaged by her; that he investigated the estate and found no debts had been paid; that, commencing with a registered letter on November 12, 1947, and ending in a conference in February, 1948, he made repeated demands on defendant for the return of securities and money belonging to the estate; that defendant returned one security, a note, in November, 1947, and that, as late as February, 1948, defendant stated he still had the other securities and would return them. Jayne's testimony ended the first day of the trial. Before court convened the following morning, counsel for defendant observed the court reporter reading undisclosed portions of the transcript to Jayne, at the direction of the State's Attorney, whereupon an objection was made to recalling Jayne as a witness upon the ground that an order had been entered excluding all witnesses and it was feared that Jayne had had the testimony of prior witnesses read to him. The objection was overruled and Jayne then testified that defendant had returned a note, a trust deed, and certain real estate contracts directly to Blanche Meinert but that he had never returned any part of the various sums she had paid to him.

The theory of the defense was that Blanche Meinert had instructed defendant not to pay any debts of the estate; that he still held $1350 in cash belonging to the estate; that the check for $400 was in payment of his fees for bringing the abstracts down to date, and that the check for $700 was in payment of her note for a like amount which she had given him for money advanced to her. Defendant related that, on October 8, 1947, after selling the bank stock, he cashed the check for $1000, added $350, representing the balance of the estate account paid to him on July 17, 1947, placed all this money in an appropriately marked sealed envelope in his safe-deposit box at the National Bank of Rochelle and did not remove the envelope or even visit his deposit box until September 15, 1948, the

first day of the trial. An officer of the National Bank of Rochelle corroborated defendant's testimony that he did not enter his deposit box between October 8, 1947, and September 15, 1948, and that, on the latter date, he observed defendant enter the vault with nothing in his hands and leave carrying an envelope. The only other witness for defendant was a client, who testified that she paid him a fee of $4500 in cash on October 3, 1947. At the close of all the evidence, the testimony of this witness was stricken and the jury instructed to disregard it.

On rebuttal, Blanche Meinert testified that she paid all claims against the estate except those which were filed in court; that the $400 paid to defendant on May 31, 1947, was solely for the purpose of bringing the abstracts down to date and that defendant had told her, in the presence of her brother, that he would not charge her a fee for probating the estate. In this last, she was corroborated by her brother. Defendant objected to this testimony upon the ground that neither Blanche Meinert nor her brother had been excluded from the court room while the defense was presenting its case. The objection was overruled. After counts 7 and 8 were *nolle prossed,* defendant filed a motion to require the People to elect between the three remaining counts charging embezzlement of the property of Blanche Meinert and the other three charging embezzlement of the property of Blanche Meinert, executrix of the will of Ralph Meinert, deceased. The motion was denied.

Defendant assigns seven errors as grounds for reversal. The first of the alleged errors to be considered is the denial of the motion to quash the indictment. While defendant now contends that the indictment is defective because it alleges the ownership of the property in two different persons, Blanche Meinert, individually, and Blanche Meinert, as executrix, the written motion to quash discloses that this reason was not urged in the trial court. It is, of course, elementary that a trial court's denial of a motion

cannot be attacked in a court of review upon grounds not presented to nor ruled upon by the trial judge. *People* v. *Link*, 365 Ill. 266; *People* v. *Fox*, 346 Ill. 374.

Defendant has, however, properly preserved the same point for review by his motion at the close of the case to compel the prosecution to elect between the three counts, alleging that the property was individually owned and the three counts declaring that title was in Blanche Meinert, as executrix. Notwithstanding, the contention made is without merit. The indictment is not duplicitous. The several counts of the indictment all arose out of one transaction and all charge the same offense. The prosecution will be required to elect which counts of an indictment it will rely upon for conviction only when the offenses charged in the various counts are actually distinct from each other and do not arise out of the same transaction. (*People* v. *Borrelli*, 392 Ill. 481; *People* v. *Tinnell*, 385 Ill. 537.) The principal case relied upon by defendant, *People* v. *Wolf*, 358 Ill. 334, only illustrates the rule. There, an election was required because Wolf was charged with having acted in two different capacities in embezzling funds of like amount from two different owners, each count charging a different type of embezzlement with a different penalty. The indictment in the present case is not duplicitous merely because it charges the ownership of the property in the same person in two different capacities.

Asserting that the only crime charged in the indictment was the embezzlement of unknown property of the value of $1000 on October 8, 1947, defendant next contends that the admission of testimony and exhibits relative to his prior financial transactions with Blanche Meinert was erroneous as showing the commission of crimes other than those charged in the indictment. Intent is a specific element of the crime of embezzlement. (*People* v. *Parker*, 355 Ill. 258; *People* v. *Ervin*, 342 Ill. 421.) Consequently, proof of similar offenses is competent to show the intention of

the defendant in the particular act of embezzlement charged in the indictment. *People* v. *O'Connell*, 386 Ill. 606; *People* v. *Duzan*, 272 Ill. 478.

The fourth error assigned is that, in violation of an order to exclude all witnesses from the trial, Jayne was recalled to the witness stand to testify after having had the testimony of prior witnesses read to him and that Blanche Meinert and her brother were permitted to testify on rebuttal after having heard the defense witnesses testify. There is no showing that Jayne read anything other than his own testimony given on the preceding day and, certainly, his additional testimony related directly to his prior testimony and cleared up the point that defendant had returned all legal papers and promissory notes to Blanche Meinert but had never returned any money. A trial court is vested with discretion in permitting a witness to testify even after an order excluding witnesses has been entered, (*People* v. *Sink*, 374 Ill. 480; *People* v. *Godsey*, 334 Ill. 11,) and it is manifest that no abuse of this discretion occurred in the trial of the case at bar.

Defendant next complains as to the ruling striking the testimony of one of his witnesses that she paid him a cash fee of $4500 on October 3, 1947. The error assigned is without merit, first, because, regardless of whether evidence of financial condition is admissible upon the trial of an accused for embezzlement, testimony of a single or isolated asset is not competent proof of the defendant's financial condition and, secondly, there is no showing that the alleged error was prejudicial. Defendant contends the evidence he received a fee of $4500 on October 3, 1947, is competent to rebut the prosecution's evidence that he was financially embarrassed on October 29, 1947, at which time he gave Blanche Meinert the check for $300. Defendant mistakenly assumes that the check transaction was introduced in evidence for the purpose of showing financial embarrassment and motive, whereas it is apparent that the

twofold purpose of the evidence was to show that defendant admitted his obligation to Blanche Meinert and that he failed to return any money to her.

The sixth error assigned is that the prosecution failed to prove that either the prosecuting witness or anyone authorized by her had made a demand upon defendant for the return of the property alleged to have been embezzled. Defendant contends that where an accused is indicted for embezzlement one of the elements of the charge to be proved is a demand. Contrary to defendant's contention, a demand is not an element of the crime of embezzlement by an agent under section 75, division I, of the Criminal Code (Ill. Rev. Stat. 1947, chap. 38, par. 208; *People v. Davis,* 269 Ill. 256,) and, in any event, it is clear from the record that Jayne represented Blanche Meinert and made numerous demands upon defendant.

Lastly, defendant contends that one of the instructions given for the prosecution is erroneous because it is involved and confusing and, in effect, told the jury that it did not make any difference whether the title to the property charged to have been embezzled was in Blanche Meinert, individually, or as executrix. In this connection, suffice it to say that we have carefully examined the instruction complained of and find that, although somewhat long, it is clear and explicit. Furthermore, as previously indicated, under the indictment in this case it was immaterial whether the title to the property embezzled was in Blanche Meinert, individually, or as executrix of the will of Ralph Meinert, deceased.

The judgment of the circuit court of Stephenson County is affirmed.

*Judgment affirmed.*