(No. 36412.—

The People of the State of Illinois, Defendant in Error, *vs.* Richard Woods, Plaintiff in Error.

*Opinion filed Nov. 30, 1961.—Rehearing denied Jan. 22, 1962.*

HOWARD T. SAVAGE, of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER, and RUDOLPH L. JANEGA, Assistant State's Attorneys, of counsel,) for the People.

\* Mr. CHIEF JUSTICE BRISTOW delivered the opinion of the court:

In trials before the criminal court of Cook County without a jury, defendant, Richard Woods, was found guilty under three different indictments and was sentenced to the Illinois State Penitentiary for a term of one to ten years on each indictment with sentences to run concurrently. A writ of error has been sued out of this court and the cause is here for review.

The Cook County grand jury, in four indictments, charged the defendant with rape, assault to rob, and robbery. Indictment 60-2408 was for rape. Indictment 60-2405

---

\* This opinion was prepared by the late Mr. CHIEF JUSTICE BRISTOW, and was adopted and filed as the opinion of the court.

was for assault to rob, and indictments 60-2406 and 60-2407 were for robbery. The assault to rob and the robbery indictments arose from a single transaction. The indictment for rape arose from a separate disassociated transaction. The trials under the four different indictments were held before the same judge. The trial court first heard the evidence under the indictment for rape and then that case was recessed. Upon recessing the first trial, the court called up indictment 60-2405 for hearing, recessing that trial upon completion of evidence, then hearing indictment 60-2406, recessing upon completion of evidence, and then hearing indictment 60-2407. The evidence in indictments 60-2405, 60-2406, and 60-2407 was presented solely by the use of stipulations. After hearing evidence under indictment 60-2407 the court entered a verdict of not guilty of the rape charge but found the defendant guilty under each of the other indictments.

Application for probation by defendant's counsel was denied, the court stating that the presence of violence controlled his decision.

It is the defendant's contention on appeal that the trial of the disassociated felonies at the same time, with the intermingling of testimony concerning one with that of the others, and with disposition of all offenses at the same time was error of such a nature as to render the trials so unfair as to require reversal on appeal. The rule of law that a defendant cannot be forced to trial upon disassociated felonies is not questioned by this court. (*People* v. *Stingley,* 414 Ill. 398, *People* v. *Wolf,* 358 Ill. 334.) No doubt exists that the charge under indictment 60-2408 for rape was in no way connected with the charges under the robbery indictments, but no objection to the procedure used in hearing these different cases was made. An objection cannot be made for the first time on appeal and the error complained of will not be given credence in seeking grounds for a new trial. *People* v. *Cavaness,* 21 Ill.2d 46, *People* v. *Stevens,*

11 Ill.2d 21, *People* v. *Ruben*, 366 Ill. 29, *People* v. *Ney*, 349 Ill. 172, and *People* v. *Buoniconti*, 340 Ill. 299.

We have held that a court on review will not consider the question whether, if objections had been made or raised, a different result would have been reached. (*People* v. *Ney*, 349 Ill. 172.) The fact that the evidence was heard without a jury and was conclusive in establishing the guilt under the robbery indictments must be given weight in determining the fairness of the defendant's trial.

The defendant's appeal is not interpreted as contending that trial counsel was so incompetent that a new trial is required, and if such a contention had been made it would be rejected. A trial counsel will not be deemed incompetent because the value he placed on certain errors or procedural methods was reassessed by different counsel on appeal. *People* v. *Clark*, 7 Ill.2d 163, *People* v. *Ney*, 349 Ill. 172.

Defendant's contention that the trial court erred in allowing a trial where evidence was introduced by stipulations is not tenable. Trial counsel will not be judged other than competent because of his use of a stipulation of evidence where that method of setting forth evidence may have seemed more desirable. Counsel for a defendant in a criminal action may, if he thinks it to be "for the best interest of his client, stipulate the facts to which the People's witnesses will testify." (*People* v. *Resco*, 388 Ill. 480, 482.) Citing *People* v. *Pierce*, 387 Ill. 608, and *People* v. *Malin*, 372 Ill. 422, this court stated in *People* v. *Polk*, 19 Ill.2d 310, 315, that "The law is well established that an accused may, by stipulation, waive the necessity of proof of all or part of the case which the People have alleged against him. Having done so, he cannot complain of the evidence which he has stipulated into the record."

The transcript of record in this case has been carefully examined and the facts as shown thereby justify the convictions on each indictment. The argument on the part of the defendant which sets forth the contention that the trial

court was confused as to the presence or absence of evidence of violence is without merit. The stipulation in 60-2406 provided that Johnnie Mae Ward would testify: "He was holding a revolver in his hand, bluish in color. I told the defendant I didn't have any money and at this point he pulled Carmelita Murphy and hit me with his hand. I then give the defendant ten cents U.S. currency. He forced us all to walk down the street, with the gun. Miss Digby started to cry and he hit her with his hand, knocking her to the ground." No objection is made to this part of the stipulation. Other parts of the stipulation indicate the presence of facts which the trial court could call violence and there is no reason to believe that the court was confused in the disposition of the charges before it. The refusal to allow the petition for probation was within the discretion of the trial court. Ill. Rev. Stat. 1959, chap. 38, par. 785.

The judgments are affirmed.

*Judgments affirmed.*