(No. 29792.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK ARNOLD, Plaintiff in Error.

*Opinion filed March 19, 1947.*

FRANK ARNOLD, *pro se.*

GEORGE F. BARRETT, Attorney General, and MAURICE E. GOSNELL, State's Attorney, of Lawrenceville, for the People.

Mr. JUSTICE MURPHY delivered the opinion of the court:

Two counts of an indictment returned in the circuit court of Lawrence county in May, 1931, charged plaintiff in error and John Saxton with burglarizing a store building with intent to take certain items of personal property. The third count charged the larceny of the same property which it was alleged had an aggregate value of $41.30. Within a short time after the indictment was returned, Saxton pleaded guilty and was sentenced to the reformatory. Plaintiff in error was not apprehended until January 24, 1933. On February 8, following, he signed a jury waiver and plea of guilty and was sentenced to the reformatory for a term of years, not less than one or for life.

Before discussing the various points urged for reversal, consideration should be given to the contents of the record. The first record filed, certified by the clerk of the trial court on October 2, 1946, did not include any judgment. It contained the written jury waiver and plea of guilty signed by plaintiff in error, the *capias* under which plaintiff in error was arrested, the docket page from the judge's minute book, the *mittimus* and the indictment. The clerk's certificate of authentication was expressly limited to the records mentioned and did not purport to include any others. In November, 1946, leave was granted defendant in error to supply a certified copy of the record of the judgment.

In his reply brief, plaintiff in error complains that the notice of hearing sent by mail on which leave was given to supply a copy of the record of the judgment did not reach him in the penitentiary in time for him to prepare objection to the motion. The notice prescribed and length of time given before the hearing was in accord with the general practice. Even though plaintiff in error did not receive the notice in time to have his objection at the hearing, he is not prejudiced thereby. Some of the points

urged for reversal could not have been considered on the parts of the record he caused to be filed. Some of the grounds for reversal are based on the assumption that no judgment order was ever extended by the clerk. In making such contention reference is made to certain testimony given by the clerk of the circuit court in a hearing on another matter in which the clerk testified there was no record of a judgment and that the judge's minute docket was the only record in the office relative to plaintiff in error's sentence. Such statement, if made by the clerk, is not included as a part of the record in this case and appears only in plaintiff in error's argument. The statement of the clerk, if accepted, would tend to establish a fact directly contrary to that shown in the record. The record, as certified by the clerk and filed herein, imports verity and cannot be impeached by plaintiff in error's statement in his brief and argument. It has been held that court records are so conclusive and final that the existence of the record or facts recited therein cannot be contradicted or impeached by the affidavits of persons, either parties to the record or bystanders, or by the notes of a stenographer who reported the proceedings, or on the memory of the judge who presided when the record was made. *People* v. *Sprague,* 371 Ill. 627; *People* v. *Ambolo,* 343 Ill. 480; *Gillespie* v. *People,* 176 Ill. 238.

There is an intimation in plaintiff in error's argument that the judgment order filed by defendant in error was extended after the cause was pending in this court. There is nothing to support such contention and in fact it appears in the certified copy of the order filed that it was entered February 8, 1933, which corresponds to the date on which the entry was made in the judge's minute book. The judgment order filed on defendant in error's motion will be included as a part of the record.

Plaintiff in error contends the record does not show he was furnished with a copy of the indictment and argues

that such failure is a denial of due process. The judgment order recites that "defendant Frank Arnold appears in open court, files his written waiver of trial by jury and enters a plea of guilty to the crime of burglary and larceny as charged in the indictment." It further recites that the court found the age of the defendant to be twenty years, and that defendant was admonished as to the effect of his plea. Then follows the ordering part of the judgment by which plaintiff in error was sentenced to the reformatory for a term of years, not less than one and to extend to life, or until discharged in due course of law.

The requirement of section 1 of division XIII of the Criminal Code (Ill. Rev. Stat. 1945, chap. 38, par. 729,) that every person charged with treason, murder or other felonious crime shall be furnished previous to his arraignment with a copy of the indictment and a list of the jurors and witnesses has been held to displace the requirement of the common law that the indictment be read to the defendant in open court, (*Fitzpatrick* v. *People,* 98 Ill. 259,) and that such a statute is directory. (*People* v. *O'Hara,* 332 Ill. 436; *People* v. *Pennington,* 267 Ill. 45.) If a defendant wishes to take advantage of the failure to give him a copy of the indictment before pleading, the record must show that he requested such copy and that his request was denied. (*People* v. *Watt,* 380 Ill. 610; *Kelly* v. *People,* 132 Ill. 363; *People* v. *Van Horn, post* 496.) The contention is without merit.

The second point relied on for reversal is that plaintiff in error was not arraigned or advised of the nature of the charge against him before he was required to enter his plea. The sequence of the events that took place before the court when plaintiff in error was sentenced is shown by the judgment to be as follows: Plaintiff in error signed a plea of guilty and the same was before the court prior to sentencing him to the reformatory. It appears the court admonished him as to the effects of his plea and found

his age to be twenty years. Then follows the part of the judgment which sentences him to the reformatory. The contention here was made in *People* v. *Throop*, 359 Ill. 354. The parts of the record relied on in that case were substantially the same as those that appear in the record in this case. It was held in the *Throop case* that the requirements of the statute were complied with and that the judgment was sufficient. That case is controlling here.

The contentions made on the third ground for reversal are answered by what has been said in answer to the first and second points.

In presenting his fourth point, plaintiff in error does not make a proper distinction between the offenses charged in the various counts of the indictment. As stated, the first two counts charged burglary and the third grand larceny. Plaintiff in error contends he was sentenced for a crime known as "burglary and larceny," which he says was a nonexistent offense. The articles charged as being the subject of grand larceny in the third count are the same articles that it is charged in the first and second counts were taken when the store was burglarized. Where both offenses arise out of a single transaction as in this case, a single indictment may contain counts as to each offense, or in fact the offenses may be joined in the same count. (*People* v. *Fitzgerald*, 297 Ill. 264.) The general rule is that where a count for larceny is joined in the same indictment with a count for burglary and a general verdict is returned or plea of guilty is entered, the logical effect of the verdict and of the plea is that the defendant is guilty as charged in each count. Where an indictment charged in one count the breaking and entering, and in another count the stealing at the same time and place, and the plea is general and the punishment imposed is one which is authorized to be inflicted for the offense charged in any one or more of the counts, the verdict must be sustained. (*People* v. *Fitzgerald*, 297 Ill. 264.) The written

plea of guilty signed by plaintiff in error stated that he entered his plea "to the crime of burglary and larceny in manner and form as charged in the indictment." The sentence imposed and the *mittimus* issued thereon conformed to the penalty prescribed for the crime of burglary charged in the indictment.

Other errors assigned were based on the assumption that there was no judgment entered sentencing plaintiff in error to the reformatory. The record supplied obviates the necessity of considering such contentions.

For the reasons assigned, the judgment is affirmed.

*Judgment affirmed.*