(No. 32900.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIE RANDOLPH, Plaintiff in Error.

*Opinion filed January 20, 1954.*

WILLIE RANDOLPH, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and ARTHUR F. MANNING, all of Chicago, of counsel,) for the People.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

Plaintiff in error, Willie Randolph, comes to this court by writ of error, *pro se,* on the common-law record alone, challenging the validity of the indictment upon which he was tried and convicted of the crime of murder in the criminal court of Cook County, which sentenced him to life imprisonment in the year 1934.

He contends the indictment is fatally defective in two respects, (1) two separate and distinct offenses are joined in single counts in the indictment and, (2) the sixth count of the indictment is insufficient to charge murder because it failed to allege the means by which death was inflicted.

The indictment consists of six counts, the first five charging murder as the result of an assault committed while in the perpetration of a robbery, and the sixth charging the defendant murdered the deceased by striking him, without alleging in what manner or by what means he was struck.

Plaintiff in error does not contend that the first five counts of the indictment do not adequately charge him with the crime of murder but contends that each of those counts also adequately charges him with the crime of robbery, thereby charging two separate offenses in a single count.

Count 1 of the indictment, which is similar to counts 2, 3, and 4 in all the material allegations, in the first paragraph thereof charges the defendant with an assault upon the deceased, putting him in bodily fear and robbing him, reciting all the essential elements of a robbery charge; then, in subsequent paragraphs, follows with the charge "that in the commission of said felony" the defendant killed and murdered deceased by striking him with his hands and fists, causing him to fall and strike upon the sidewalk or curbing, inflicting mortal wounds and injuries of which he died, and the count then concluded "and so the Grand Jurors aforesaid, upon their oaths aforesaid, do

say that said Willie Randolph then and there, unlawfully, feloniously, wilfully and of his malice aforethought killed and murdered said James F. Day in manner and form aforesaid and by the means aforesaid; contrary to the statute, and against the peace and dignity of the same people of the state of Illinois."

When a robbery is committed with a felonious intent and death ensues the offense is deemed and adjudged to be murder. (Ill. Rev. Stat. 1953, chap. 38, par. 363; Jones Ann. Stat. 37.284.) In such cases the indictment should allege the robbery to supply the necessary elements to make the killing murder. (*People* v. *Goldvarg,* 346 Ill. 398.) Where the obvious purpose of alleging the elements of the crime of robbery is to show that death resulted from the perpetration of that felony, the indictment is not an indictment for the crime of robbery but for murder only, and the count is not duplicitous. *People* v. *Link,* 365 Ill. 266.

There is no merit in plaintiff in error's contention that the counts complained of charge him with the crime of robbery as well as murder. The killing occurred while a robbery was being committed and the elements of the robbery were alleged, as they should have been, to bring the killing within the statute and to supply the necessary elements to make the killing murder. The formal accusation of the grand jury charges him with the crime of murder, the question whether the indictment charged robbery was never raised in the trial court, and there is nothing in the record to indicate that the accused was tried on any other charge than that of murder.

The indictment admittedly properly charges plaintiff in error with the crime of murder, the crime for which he was tried, convicted and sentenced. If there was any defect in this indictment it was merely a defect of form or surplusage which could not be considered as prejudicial or as depriving the defendant of any substantial right. Such defects, not raised by timely objection, are not fatal to the

conviction and constitute no reversible error. *People v. Glassberg,* 326 Ill. 379; *People v. Pamilio,* 359 Ill. 609; 24 C.J.S., page 866.

A general verdict of guilty, such as we have in the instant case, is presumed to rest upon any valid count in the indictment. (*People v. Skinner,* 397 Ill. 273.) We have found count 1 and the similar counts a valid indictment for the crime of murder of which plaintiff in error was convicted. It is therefore unnecessary and would be useless for us to consider the validity of count 6 of the indictment.

The judgment must be and is affirmed.

*Judgment affirmed.*