(No. 36351.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CLARENCE LYMORE, Plaintiff in Error.

*Opinion filed September 28, 1962.*

306

John C. McAuliffe, of Chicago, appointed by the court, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, and John T. Gallagher and Dean H. Bilton, Assistant State's Attorneys, of counsel,) for the People.

Mr. Chief Justice Solfisburg delivered the opinion of the court:

The defendant, Clarence Lymore, was indicted in the criminal court of Cook County on two counts of burglary and one count of receiving stolen property. He was tried before a jury, found guilty in a general verdict and sentenced to a term of not less than three nor more than six years in the penitentiary.

Defendant now brings writ of error contending that the ownership and possession of the premises allegedly burglarized was not established; that there is no proof that what the defendant was charged with taking was in fact taken; that having been found guilty by a general verdict of a charge which included that of receiving stolen property

he could not be found guilty of burglary; and that he was not proved guilty beyond a reasonable doubt.

The facts are that about 2:30 in the morning of August 18, 1960, an American District Telegraph patrolman was called to a liquor store at 4260 S. Drexel Boulevard in the city of Chicago. A broken window in the store occupied by Bernie's Liquor Stores, Inc. had actuated the A.D.T. alarm. There was a hole in the window about three feet in diameter. The defendant was standing immediately in front of the hole. A minute or two later a Chicago police sergeant also answered the alarm. He saw the defendant in front of the store and also observed a group of other people.

The secretary of the corporation, Bernie's Liquor Stores, Inc., testified that the corporation operated the business at 4260 S. Drexel Boulevard. The police officer testified that the store was occupied by Bernie's Liquor Stores, Inc. The defendant himself testified that he saw a hole in the window of Bernie's Liquor Stores, Inc. We think it is sufficiently well established that the premises were occupied by and in the possession of Bernie's Liquor Stores, Inc. We held in *People* v. *Stewart*, 23 Ill.2d 161, that the sole purpose of the ownership allegation in an indictment for burglary is to enable the accused to prepare for trial and to plead former acquittal or conviction under the indictment in bar of another prosecution for the same offense. It is not necessary to prove legal title to the premises. There can be no question that Bernie's Liquor Stores, Inc., occupied a building which was burglarized.

The defendant contends that because the third count of the indictment charged him with receiving stolen property, a general finding of guilty in the verdict necessarily found him guilty of that charge, and that inasmuch as the charge of receiving stolen property is incompatible with the charge of burglary the general verdict cannot be sustained. We cannot agree with this proposition. A general finding

of guilty is presumed to be based on any good count in the indictment to which the proof is applicable. (*People v. Savage,* 5 Ill.2d 296; *People v. Randolph,* 2 Ill.2d 87.) This court has also held that in a case where an indictment contains several counts arising out of a single transaction, and a general verdict is returned, the effect is that the defendant is guilty as charged in each count, and if the punishment imposed is one which is authorized to be inflicted for the offense charged in any one or more of the counts, the verdict must be sustained. *People v. Arnold,* 396 Ill. 440.

As to the contention of the defendant·that there is no proof that what the defendant was charged with taking was in fact taken, he argues that he was not searched either at the scene of the alleged crime or at the police station to which he was taken, and that none of the goods allegedly stolen were on his person. Burglary is the entry of a building with felonious intent. When such an entry and requisite intent are shown, the crime of burglary is complete and further allegation or proof that specific items were taken is not essential. (*People v. Urbana,* 18 Ill.2d 81; *People v. Iannacco,* 11 Ill.2d 55.) In any event, the police officers testified that the defendant, when first observed, had bottles of liquor in his hand. Whether he actually secreted any stolen property upon his person is immaterial.

The defendant testified himself and relies upon his own testimony in support of his contention that he was not proved guilty beyond a reasonable doubt. He testified that he had been in a tavern across the street from Bernie's Liquor Stores, Inc., and that he left the tavern to visit a lunch room which was open all 'night in order to buy his lunch to carry to work the following day. He says that he saw the hole in the window of Bernie's Liquor Store and was merely standing there when the officers came upon him. However, both arresting officers testified that the defendant had his arm through the hole in the window and

had bottles of liquor under his arms which he dropped and endeavored to kick into the gutter.

We think the record supports the finding of the jury that the defendant was proved guilty beyond a reasonable doubt, and accordingly the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*