**People of the State of Illinois, Plaintiff-Appellee, v. Oscar Cooper, Defendant-Appellant.**

Gen. No. 50,295.

First District, Third Division.

February 17, 1966.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Marshall A. Patner, James J. Doherty and Fred-

erick F. Cohn, Assistant Public Defenders, of counsel) for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Kenneth L. Gillis, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

Oscar Cooper and Ernest Lee Wiley were indicted for the crime of robbery. Wiley pleaded guilty and was placed on probation; Cooper pleaded not guilty, waived a jury trial, was found guilty and sentenced to from one to eight years in the penitentiary.

This appeal is by Cooper only. He seeks a reversal of his conviction on the sole basis that his identification was not proved beyond a reasonable doubt.

On June 2, 1964, at about 10:00 p. m. two men approached the taxicab of Charles E. Brown and asked to be taken to the 1600 block on South Kilbourn Avenue, Chicago. There were no residences on that block and Brown was told to try the 1500 block on the same street. There were no homes there and Brown was directed to turn the corner and to park back of a certain car so that one of his passengers could check his wallet for the correct address. As Brown did so one of the men grabbed him from behind and said, "This is it" and held what felt like a knife to his neck. The other passenger emptied Brown's coin changer and went through his pockets. Four five-dollar bills, five one-dollar bills and $8.24 in change was taken. The men ordered Brown out of the cab, disconnected the cab's radio-microphone wires and walked him down streets, through an alley and between houses. During this walk they threatened him with bodily harm.

19

A few minutes after Brown was released, and a half block away, he stopped a passing police car. He told the two police officers that he had been held up; he got into the car and they circled the block. While the area was being scrutinized Brown gave them a description of the two men. Upon directing the police car's lights into an alley they saw two men who Brown said were the two who had robbed him. The men were searched, taken to the police station and searched again. $33.24 was found on the men, the bills (four fives and five singles) on Cooper and the change on Wiley, including a mutilated dime which Brown carried as a pocket piece. Also found on Cooper was a painter's scalpel and he was wearing a red armband which Brown had seen on his sleeve at the time of the robbery.

Cooper testified that he was in the neighborhood where he was arrested for the purpose of negotiating a house-painting job with a lady who lived thereabouts. He said she worked nights so that he had to see her at a late hour. He testified the cab which had driven him to the area had broken down and that he was assisting the driver in repairing it when he was attracted to a police car across the street by activity around it. When he came up to the car he was placed under arrest. He denied the robbery, denied any association with Wiley and denied being arrested at the same time as Wiley. He contends that the circumstances under which his identification was made and discrepancies and contradictions in Brown's testimony and that of the arresting officers make them unworthy of belief and raise a reasonable doubt as to his guilt.

 A positive identification by one witness is sufficient for conviction even though the testimony is contradicted by the defendant, provided the witness is credible and viewed the defendant under circumstances that would permit positive identification. People v. Brinkley,

33 Ill2d 403, 211 NE2d 730 (1965); People v. Miller, 30 Ill2d 110, 195 NE2d 694 (1964); People v. Nicholson, 55 Ill App2d 361, 204 NE2d 482 (1965). In a nonjury trial it is the province of the trial court to determine the credibility of the witnesses and the weight to be accorded their testimony and the court's judgment will not be disturbed unless it is based on clearly unsatisfactory and improbable evidence which leaves reasonable doubt of the defendant's guilt. People v. Neiman, 30 Ill2d 393, 197 NE 2d 8 (1964); People v. Johnson, 47 Ill App2d 441, 198 NE 2d 173 (1964). Minor discrepancies and inconsistencies only go to the weight to be given the testimony. People v. Morgan, 28 Ill2d 55, 190 NE2d 755 (1963); People v. Clay, 27 Ill2d 27, 187 NE2d 719 (1963); People v. Stewart, 62 Ill App2d 428, 211 NE2d 154 (1965).

■ Any discrepancies in the testimony of the cab driver or contradictions between his testimony and that of the arresting officers or between the officers themselves were inconsequential. Brown had ample opportunity and time to observe the defendant. The cab stand where he picked up his passengers was well lighted. When he brought his car to a stop just before the robbery he pulled the meter and turned on the cab's interior light. As he walked with the robbers they went under streetlights and he testified that he "was noticing them to make sure just in case I do have a chance to get away, if they don't harm me in any way, I can notify, you know, identify them later." He described the robbers to the police officers, identified them when he saw them in the lights of the police car and his description fitted the men arrested. Furthermore, his identification was corroborated by the weapon and the armband found on Cooper, the mutilated dime found on Wiley, the denominations of the bills found on Cooper and the amount of the money corresponding to the amount of money stolen, found on both Cooper and Wiley.

21

The evidence was sufficient to sustain the judgment and it is, therefore, affirmed.

Affirmed.

SULLIVAN, P. J. and SCHWARTZ, J., concur.