THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARVIN WOODEN, Defendant-Appellant.

(No. 56570; )

First District—December 12, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Thaddeus L. Kowalski and Robert M. Gray, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane, David Novoselski, and Stephen J. Connolly, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

At a trial without a jury the defendant was found guilty of the offense of battery (Ill. Rev. Stat. 1969, ch. 38, par. 12—3), on the principle of accountability, pursuant to Ill. Rev. Stat. 1969, ch. 38, par. 5—2, which provides as follows:

"A person is legally accountable for the conduct of another when:

\* \* \*

(c) Either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense."

The sentence imposed was probation for one year, with the first ten days to be served in the House of Correction. The sole issue presented by this appeal is whether defendant was proved guilty beyond a reasonable doubt.

The complaining witness, Johnny Ray White, aged 14, testified that he was accosted outside the apartment of a friend at 5041 South Federal Street in Chicago; that Randy Graham, Willie D. Paul, Rodney Wolch, one Chappel, and the defendant approached him in the hallway; that Graham pushed a shotgun against his shoulder, and the defendant then told Graham to blow White's head off. White further testified that Graham then searched his pockets for money, and when he found none, told White that if he did not have ten dollars by the next day he was going to blow his head off. White told his mother of the incident and she called the police. On cross-examination White testified that it was Graham who said he was going to blow his head off.

Defendant testified that when he and the four other boys saw White, Graham (who had a gun) said he was going to see if he could get money from White. All five surrounded White, and Graham asked, "Have you got my money?" When White answered "No," everyone said, "Take his shoes," but Graham refused to do so. Defendant further testified that he did not tell Graham to blow White's head off.

The arresting police officer testified that White had said defendant had told Graham to blow White's head off. The record is not clear, but it appears that the arresting officer testified on cross-examination that it was Graham who said it. It is conceded that Graham committed battery upon the complainant and that defendant was present at the time, but defendant argues that the evidence was not sufficient to show that defendant was accountable under section 5—2 of the Criminal Code, *supra.*

The trial court, sitting as the trier of fact, determines the credibility and weight of the testimony, and the finding of guilty will not be disturbed unless the evidence is so unreasonable, improbable, and unsatisfactory as to leave a reasonable doubt as to a defendant's guilt. (*People v. Scott*, 38 Ill.2d 302.) The evidence in this case shows that defendant told Graham, who was holding a gun against White, to blow White's head off. This is sufficient to hold defendant accountable for Graham's actions. In addition, the record shows that defendant was an active participant in Graham's use of a gun in the demand for money. Defendant's exhortation to Graham to blow White's head off cannot, as defendant suggests, be explained away as a mere word of encouragement.

The record also shows that defendant was one of the group, all of whom urged Graham to steal White's shoes. All five boys, including defendant, crowded around complainant in the attempt to get money. It was only after complainant's pockets had been gone through and no money found that the group's common purpose was abandoned and the complainant allowed to leave, with the warning to have the money the next day or have his head blown off. There is no evidence that defendant

ever tried to disassociate himself from this active participation.

██ The evidence, taken as a whole, establishes beyond a reasonable doubt defendant's participation in a common plan, thus making his guilt equal to that of another who may have assumed a more active role. (*People v. Norfleet,* 4 Ill.App.3d 758.) The case of *People v. Washington,* 121 Ill.App.2d 174, cited by defendant, is distinguishable on its facts and is no precedent for the instant case.

██ Finally, defendant urges that the State's failure to call as a witness the youth whom complainant had been visiting prior to the incident, gives rise to a presumption that his testimony would have been unfavorable to the prosecution. There is no merit in this contention. It is well settled that the State is not obligated to produce every witness to a crime, and the failure on the part of the State to produce a witness does not create a presumption that his testimony, if presented, would be unfavorable to the prosecution. (*People v. Jones,* 30 Ill.2d 186; *People v. Adorno,* 126 Ill.App.2d 98.) We find no error of substance in this case, and the court found defendant guilty beyond a reasonable doubt.

Judgment affirmed.

LEIGHTON and HAYES, JJ., concur.