THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY A. MIMMS, Defendant-Appellant.

First District (2nd Division)   No. 61334

Opinion filed August 3, 1976.

James J. Doherty, Public Defender, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

Following a bench trial, defendant was convicted of the offense of attempt murder (Ill. Rev. Stat. 1973, ch. 38, pars. 8—4(a), 9—1) and sentenced to a term of two to six years in the Illinois State Penitentiary. The indictment charging defendant was in two counts, one count of attempt murder for each of the victims. On appeal, he contends that the trial court erred when it: (1) found him guilty beyond a reasonable doubt, (2) issued a general finding of guilty upon the two-count indictment.

On March 28, 1973, Chicago police officers Kenneth Christiano and James Houtsma were driving north on the 8200 block on South Essex. They were in the area to interview witnesses to a savings and loan robbery which had occurred several days before. As they drove, they observed defendant walking south on Essex. Because defendant fit the general description of the robbery suspect, the officers decided to stop and "interview" him. The officers testified that they parked their vehicle and got out. As they crossed the street to approach the defendant, James Houtsma identified himself as a police officer. With that, defendant pulled a sawed-off rifle from under his coat and fired in the direction of the two officers. The defendant immediately dropped the front half of the weapon and fled. Officer Houtsma gave chase on foot, and Officer Christiano returned to the car.

Defendant ran south on Essex to 83rd Street, and then one block west to Phillips. Officer Houtsma continued to chase defendant south on Phillips until he was joined by Christiano who had driven the squad car to the location. At that point, Houtsma fired a shot at the defendant which made him drop the rear portion of the rifle. The defendant then ran south down an alley, and the officers lost sight of him. Houtsma began to comb the area on foot. A few minutes later, Christiano returned with defendant in the back seat of the squad car. He had been apprehended by two uniformed officers who had been alerted concerning defendant over the radio. The uniformed officers then surrendered the defendant to Christiano, who in turn picked up Houtsma and returned to the district station.

■■ Defendant makes a two-part argument that the State failed to prove him guilty beyond a reasonable doubt. The first contention is that his identity was not firmly established because there existed some discrepancies in the witnesses' testimony concerning the defendant's clothing at the time of the shooting and that the State failed to provide fingerprint evidence to link the rifle to the defendant. As for the minor discrepancies in clothing description, this was a question of fact which was resolved by the trial court, and we find no reason to disturb those findings. *People v. Mills* (1968), 40 Ill. 2d 4, 237 N.E.2d 697.

In support of defendant's argument regarding fingerprint evidence he cites *People v. Jackson* (1961), 23 Ill. 2d 360, 178 N.E.2d 320. Defendant maintains that the failure by the State to offer some fingerprint evidence or to explain its absence gives rise to a reasonable doubt as to the identity of the assailant as a matter of law. However, a reading of this case does not support this position.

In *Jackson*, a prosecution for the unlawful possession of narcotic drugs the State sought to link narcotics found in an air shaft outside of an apartment window of defendant. There was no direct evidence that the narcotics were thrown out of the window by defendant when the police came to the door. In addition, the State failed to offer either fingerprint evidence, or to explain why such evidence was unavailable. In that instance, the court said that such a failure to produce fingerprint evidence, or to explain its absence could give rise to an inference that an attempt was made to obtain fingerprints, but that it was unsuccessful. The court, however, did not hold that the failure on the part of the State to provide fingerprint testimony would give rise to a reasonable doubt as to the identity of the defendant.

*Jackson* is distinguishable from the case at bar in that here, there are two eyewitnesses who were able to positively identify the defendant as their assailant. On the day of the occurrence, it was 9 o'clock in the morning, the area was bright, and the defendant was only twenty or thirty feet from the officers when he fired at them. The testimony of the officers was positive on the point of identification. When the State offers eyewitness testimony, its failure to provide additional evidence in the form of fingerprints to substantiate the eyewitnesses is unnecessary if that evidence would be only cumulative. (*People v. Hickman* (1973), 9 Ill. App. 3d 601, 291 N.E.2d 872; *People v. Jones* (1964), 30 Ill. 2d 186, 195 N.E.2d 698.) The absence of fingerprint evidence should only affect the weight to be given the identity testimony as a whole and that determination is for the trier of fact. *People v. Abrams* (1974), 21 Ill. App. 3d 734, 316 N.E.2d 5; *People v. Wooden* (1972), 9 Ill. App. 3d 310, 292 N.E.2d 236.

Defendant next contends that the State failed to show the intent

necessary to convict for attempt murder. Defendant argues that firing a weapon in the direction of police officers has been held insufficient to establish the requisite intent, and cites *People v. Henry* (1971), 3 Ill. App. 3d 235, 278 N.E.2d 547. In *Henry*, defendant was arrested in Chicago during widespread civil disorders on the city's west side. He claimed that he was accosted at night by a carload of white men, and that he fired two shots aimlessly into the air. The police officers at whom defendant fired testified that it was dark, and they could see muzzle flashes as the weapon was fired but were really not sure whether the defendant fired at them, or into the air, as he argued. Based on these statements the appellate court reversed defendant's conviction for attempt murder because it was not established that the defendant intended to kill or harm the officers in question. The court further found that the actions of Mr. Henry were not of such a nature that intent could be inferred from them. The *Henry* case, therefore, must be limited to the facts present there, and cannot support defendant's contention.

■■■ The general rule in Illinois is that when a person fires a gun "at or towards" another, either with malice aforethought, or with a total disregard for human life, that person may be convicted of attempt murder. (*People v. Nickolopoulos* (1962), 25 Ill. 2d 451, 185 N.E.2d 209.) The specific intent will be inferred from the character of the assault and other surrounding circumstances. (*People v. Coolidge* (1963), 26 Ill. 2d 533, 187 N.E.2d 694; *People v. Koshiol* (1970), 45 Ill. 2d 573, 262 N.E.2d 446.) Unlike the situation in *Henry*, the police officers in the case at bar could see the defendant as he turned and fired his rifle. Their testimony was clear and credible that the defendant placed both of their lives in danger when he discharged the weapon in their direction. The trial court properly considered the circumstances surrounding the assault and found that the defendant fired his rifle with total disregard for the safety of the police officers in question.

After a consideration of defendant's arguments above and those regarding the questions of whether the officers identified themselves before approaching him, and whether defendant was so far away from the victims that he could not have injured them even if he had intended to do so, we hold that these were questions of fact, duly considered by the trial court. We will not reconsider these fact questions when it appears that the trial court did so properly. *People v. Abrams; People v. Cooper* (1966), 69 Ill. App. 2d 18, 216 N.E.2d 168.

■■ Defendant's final argument is that the court's general finding of guilty is insufficient to support a judgment and sentence. Defendant maintains that, because the indictment contained two separate counts, a general finding of guilt is insufficient because the two counts are independent of each other. It is argued that because the rifle was only

capable of firing a single shot, defendant could not have intended to kill two persons. Therefore, to support a finding of attempt murder on a two-count indictment, the State must prove, and the court must decide, which of the two victims defendant intended to kill. In support of this position *People v. Wolf* (1934), 358 Ill. 334, 193 N.E.2d 211, is cited.

The *Wolf* case which defendant relies upon is distinguishable because that indictment involved several counts which arose from separate and distinct felonies. The general finding in that case was reversed because the trial court erred in allowing two distinct felony actions to be tried simultaneously when there were no common factual elements between the two counts. Proving one charge could not prove the other, and the court never differentiated between the counts in its general finding. The rule of law in this State is that when a general verdict of guilt is returned on an indictment containing several counts arising out of a single transaction, the effect is that the defendant is found guilty on each count. (*People v. Jones* (1975), 60 Ill. 2d 300, 325 N.E.2d 601; *People v. Lymore* (1962), 25 Ill. 2d 305, 185 N.E.2d 158; *People v. Lewis* (1976), 37 Ill. App. 3d 870, 346 N.E.2d 377.) In addition, a general finding of guilty is presumed to be based upon any good count in the indictment to which the proof is applicable. (*People v. Savage* (1955), 5 Ill. 2d 296, 125 N.E.2d 449; *People v. Randolph* (1954), 2 Ill. 2d 87, 116 N.E.2d 876.) In the present case, defendant fired his rifle in the direction of both officers. This action displayed defendant's intent to kill either policeman, and placed both of their lives in danger. When a general verdict is returned on an indictment which contains several counts arising out of the same transaction, if the sentence imposed is one which is authorized for any one or more of the counts, the verdict will not be disturbed. *People v. Arnold* (1947), 396 Ill. 440, 72 N.E.2d 188; *People v. Lymore*; *People v. Jones* (1972), 6 Ill. App. 3d 669, 286 N.E.2d 87.

■■ In the instant case, the two-count indictment arose from one single transaction. The evidence offered by the State proved both counts and the penalties involved for each offense were identical. Therefore, the conviction rendered in the trial court should not be disturbed.

Judgment affirmed.

STAMOS, P. J., and DOWNING, J., concur.