THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
VERNON T. BROWN, Defendant-Appellant.

Third District  No. 79-822

Opinion filed April 29, 1980.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Defendant Vernon T. Brown was convicted of unlawful delivery of less than 30 grams of heroin, and was sentenced to 4 years probation conditioned, in part, on his serving 3 months imprisonment, paying a $500 fine, making restitution of $70, and paying court costs.

On appeal defendant asserts two errors in the sentence. He first contends the fine should be reduced by $5 for each of the 47 days he was incarcerated prior to trial and before he posted bail. The law provides:

"Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated

upon application of the defendant. The clerk of the court shall notify the defendant in writing of this provision of the Act at the time he is convicted. However, in no case shall the amount so allowed or credited exceed the amount of the fine." Ill. Rev. Stat. 1977, ch. 38, par. 110—14.

The State concedes that defendant is entitled to $5 credit for each day incarcerated. Defendant did not make a timely request for the credit, but since the record is devoid of any indication that the circuit clerk notified the defendant in writing of the existence of this provision, defendant's failure to make a timely request does not waive this issue. (*People v. Winkler* (1979), 77 Ill. App. 3d 35, 395 N.E.2d 671.) Therefore defendant is entitled to a $235 credit against his fine of $500.

In addition, defendant asks that this cause be remanded to the trial court with directions to modify its orders to reflect only a single conviction for unlawful delivery. The indictment in the case at bar contained two counts: (1) the unlawful delivery of less than 30 grams of heroin to Teresa Morris on August 25, 1978; and (2) the unlawful delivery or less than 30 grams of heroin to Willie Baker on the same day. At the trial, the evidence established that defendant entered Baker's automobile, produced two tinfoil packets containing heroin, and gave both packets to Baker who, in turn, handed them to Morris. Morris then paid $70 directly to defendant. The verdict returned by the jury stated: "We, the jury, find the defendant Vernon T. Brown, guilty of Unlawful Delivery of a Controlled Substance." The court entered a judgment of conviction on the charge.

Defendant reasons that, since there was only one physical act of delivery proven in this case, only a single conviction of unlawful delivery can stand (see *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838), and when a general verdict is returned upon an indictment containing several counts arising out of a single transaction, the effect is that defendant is guilty as charged on each count. (See *People v. Lymore* (1962), 25 Ill. 2d 305, 185 N.E.2d 158.) Defendant then concludes that he was convicted on two counts and that the conviction on one count must be vacated by the trial court. (*People v. Lilly* (1974), 56 Ill. 2d 493, 309 N.E.2d 1.) We have no quarrel with the general principles cited by defendant, but we think they have no bearing on the case at bar. In a similar case, involving a general verdict of guilty upon an indictment which contained five counts each charging the same murder, the supreme court held that a general verdict of guilty is presumed to rest upon any one valid count in the indictment to which the proof is applicable. (*People v. Randolph* (1954), 2 Ill. 2d 87, 116 N.E.2d 876. Accord, *People v. Collins* (1979), 71 Ill. App. 3d 815, 390 N.E.2d 463.) Here, the record reflects only one conviction for one delivery, and only one sentence was imposed. Hence there is no

second conviction to be vacated. *People v. Mimms* (1976), 40 Ill. App. 3d 942, 353 N.E.2d 186.

Accordingly, we affirm the conviction and sentence, as modified, to reflect a $235 credit against the fine.

Affirmed as modified.

ALLOY, P. J., and BARRY, J., concur.