447 So.2d 939 (1984)
Luis Garcia BLANCO a/K/a Luis Garcia, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-1714.
District Court of Appeal of Florida, Third District.
March 13, 1984.
Rehearing Denied April 23, 1984.
Samek & Besser and Lawrence Besser, Miami, for appellant.
Jim Smith, Atty. Gen., and William Thomas, Asst. Atty. Gen., for appellee.
*940 Before HENDRY, HUBBART and JORGENSON, JJ.
PER CURIAM.
The defendant Luis Garcia Blanco a/k/a Luis Garcia appeals three criminal convictions and sentences entered against him on two counts of attempted first degree murder with a firearm [§§ 782.04, 775.087, 777.04, Fla. Stat. (1981)] and one count of aggravated assault [§ 784.021, Fla. Stat. (1981)]. He raises two points on appeal: (1) that the trial court erred in allowing in evidence "testimony concerning the individual with whom the defendant was with at the time of his arrest" [appellant's brief at 12], and (2) that the trial court erred in "denying the defendant's motion for a judgment of acquittal as to the first two counts of the information [the attempted first degree murder counts]" [appellant's brief at 22]. We disagree and affirm.
First, we think the evidence which the defendant complains of on this appeal, to wit: police testimony "concerning the individual with whom the defendant was with at the time of his arrest," was relevant and admissible at trial. This evidence tended to show that the defendant's companion was wanted by the police on outstanding arrest warrants, that certain preparations were made to effect that person's arrest, that the police pursued the car driven by the defendant herein because the defendant's companion was a passenger in the car, and that the defendant attempted to flee and shot at the police in order to make good his companion's escape. The evidence was relevant, we think, to give the jury an intelligible account of the entire criminal episode and ensuing gun battle from which the crimes charged herein arose. We see no error in the admission of the complained-of evidence. See Williams v. State, 110 So.2d 654, 658 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959); Jacobson v. State, 375 So.2d 1133 (Fla. 3d DCA 1979), cert. denied, 385 So.2d 758 (Fla. 1980); §§ 90.401, 90.402, Fla. Stat. (1981).
Second, we think that sufficient evidence was adduced below to sustain the attempted first degree murder convictions. According to police testimony, the defendant fired his gun once at relatively close range (20-25 yards) at two police officers (7-8 feet apart) who were pursuing him. The gunshot missed both officers. Subsequent to this arrest, the defendant told one of the officers that "next time I'll kill you." Both elements of attempted first degree murder are present here, to wit: (1) an intent to commit the underlying crime [first degree murder], and (2) an overt act designed to effectuate that intent, carried beyond mere preparation, but falling short of executing the ultimate design. Gustine v. State, 86 Fla. 24, 97 So. 207 (1923); Groneau v. State, 201 So.2d 599 (Fla. 4th DCA 1967). The fact that one shot, rather than two, was fired at two pursuing officers cannot by the weight of authority change this result. State v. Temple, 394 So.2d 259 (La. 1981); People v. Bigsby, 52 Ill. App.3d 277, 9 Ill.Dec. 924, 367 N.E.2d 358 (1977); People v. Mimms, 40 Ill. App.3d 942, 353 N.E.2d 186 (App.Ct. 1976); Annot., 8 A.L.R.4th 960 (1981).
Affirmed.