601 A.2d 689

STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v. JOHN RHETT, DEFENDANT-APPELLANT.

Argued October 22, 1991—Decided February 4, 1992.

*Stephen W. Kirsch,* Assistant Deputy Public Defender, argued the cause for appellant (*Wilfredo Caraballo,* Public Defender, attorney).

*Catherine A. Foddai,* Deputy Attorney General, argued the cause for respondent (*Robert J. Del Tufo,* Attorney General of New Jersey, attorney).

The opinion of the Court was delivered by

POLLOCK, J.

Defendant, John Rhett, was convicted of first-degree robbery, contrary to *N.J.S.A.* 2C:15-1, and attempted murder, contrary to *N.J.S.A.* 2C:5-1 and *N.J.S.A.* 2C:11-3. The Appellate Division upheld the convictions in an unpublished opinion, and we granted certification, 126 *N.J.* 323, 598 *A.*2d 883 (1991). Because the trial court incorrectly charged the jury on the requisite mental state for attempted murder, we reverse the conviction for that offense.

During 1986 and 1987, defendant sporadically worked at a food-processing plant, unloading bulk food. Because of a dispute with his supervisor, defendant was fired on December 17, 1987. On December 24, 1987, he left his girlfriend's apartment apparently to purchase some cocaine. At approximately 1:00 a.m. on December 25, the security guard at the employer's plant admitted defendant into the workers' locker room, ostensibly to retrieve a pair of work boots. When they reached the locker room, defendant brutally beat the guard and stole a money-changing machine.

██ Defendant was indicted on charges of first-degree robbery, assault, theft, and attempted murder. The jury found him guilty of the robbery and attempted murder of the security guard. The trial court sentenced him to life with a twenty-five-year parole disqualifier for the attempted murder and a consecutive eighteen-year term with a nine-month parole disqualifier for the first-degree robbery conviction. Defendant urges reversal of both convictions because of an improper instruction on the definition of attempted murder. Because counsel made no objection at trial, we consider the issue as plain error. *R.* 2:10–2; *see State v. Martin*, 119 *N.J.* 2, 15, 573 *A.*2d 1359 (1990).

We recently described the importance of accurate jury charges:

> Correct charges are essential for a fair trial. A charge is a road map to guide the jury, and without an appropriate charge a jury can take a wrong turn in its deliberations. Thus, the court must explain the controlling legal principles and the questions the jury is to decide. So critical is the need for accuracy that erroneous instructions on material points are presumed to be reversible error. [*Martin, supra,* 119 *N.J.* at 15, 573 *A.*2d 1359 (citations omitted).]

The relevant portion of the charge reads:

> The determination for you to make in regard the charge of attempted murder in this case is whether the defendant admitted attempt to commit the killing purposely or knowingly as it has been defined.
>
> Now, an attempt. A person is guilty of an attempt to commit a crime if acting with that kind of culpability which is required. In other words, acting purposely or acting knowingly the person purposely engages in the conduct which would constitute the crime if the attendant circumstances were as a reasonable person would believe them to be. So, you must find that the

defendant had same state of mind that would be necessary to find him guilty of murder, and then you must find that it wasn't his fault that the person didn't die is guess it one way to put it. Some reasonable person would have felt or believed would have led the result with which he is charged.

Even after making due allowance for mistakes in transcription, the charge is plainly wrong. The basic error is in the instruction that defendant may be found guilty if he acted "knowingly," when only a "purposeful" intent will suffice. To this extent, an attempt to commit murder differs from murder itself, the requirements for which are satisfied by either a purposeful or knowing intent.

"Murder" is defined as a homicide in which

(1) The actor purposely causes death or serious bodily injury resulting in death; or

(2) The actor knowingly causes death or serious bodily injury resulting in death. [*N.J.S.A.* 2C:11-3.]

By comparison, the definition of "attempt" is:

A person is guilty of an attempt to commit a crime if, ... he ... [w]hen causing a particular result is an element of the crime, does or omits to do anything with the purpose of causing such result without further conduct on his part. [*N.J.S.A.* 2C:5-1a(2).]

The Code defines purposeful conduct:

A person acts purposely with respect to the nature of his conduct or a result thereof if it is his conscious object to engage in conduct of that nature or to cause such a result. A person acts purposely with respect to attendant circumstances if he is aware of the existence of such circumstances or he believes or hopes that they exist. "With purpose," "designed," "with design" or equivalent terms have the same meaning. [*N.J.S.A.* 2C:2-2b(1).]

Knowing conduct is defined:

A person acts knowingly with respect to the nature of his conduct or the attendant circumstances if he is aware that his conduct is of that nature, or that such circumstances exist, or he is aware of a high probability of their existence. A person acts knowingly with respect to a result of his conduct if he is aware that it is practically certain that his conduct will cause such a result. "Knowing," "with knowledge" or equivalent terms have the same meaning. [*N.J.S.A.* 2C:2-2b(2).]

In its commentary, the New Jersey Criminal Law Revision Commission distinguished the two states of culpability:

In defining the kinds of culpability, a narrow distinction is drawn between acting purposely and knowingly. Knowledge that the requisite external circumstances exists is a common element in both conceptions. But action is not

purposive with respect to the nature or the result of the actor's conduct unless it was his conscious object to perform an action of that nature or to cause such a result. [II The New Jersey Penal Code: Final Report of the New Jersey Criminal Law Revision Commission § 2C:2-2 commentary at 76 (1971).]

Although an actor may be guilty of murder if he or she intended to kill or was practically certain that his or her actions would cause or would be likely to cause death, the actor is guilty of attempted murder only if he or she actually intended the result, namely, death, to occur. Thus, the Code requires that to be guilty of attempted murder, a defendant must have purposely intended to cause the particular result that is the necessary element of the underlying offense—death.

The trial court charged the jury that a person "acting purposely or acting knowingly" who "purposely engaged in the conduct which would constitute the crime" is guilty of an attempt. It then asked the jury to determine whether defendant had committed or attempted "to commit the killing purposely or knowingly." By instructing the jury that it could find defendant guilty of attempted murder on anything less than purposeful conduct, the charge conflicts with the statutory definition of "attempt." Given that definition and that of "murder," the charge also constitutes a logical impossibility. An actor cannot intend an unintended result. Thus, an actor cannot attempt to cause death unless death is a conscious object of the actor's conduct. *See State v. Darby,* 200 *N.J.Super.* 327, 331, 491 *A.*2d 733 (App.Div.1984) ("attempted felony murder" cannot be a crime because it is a self-contradiction; one does not intend an unintended result).

The erroneous charge is fatal to the conviction. Incorrect instructions of law are poor candidates for rehabilitation under a harmless-error analysis. *State v. Weeks,* 107 *N.J.* 396, 410, 526 *A.*2d 1077 (1987); *State v. Simon,* 79 *N.J.* 191, 206, 398 *A.*2d 861 (1979). We have consistently held that incorrect charges on substantive elements of a crime constitute reversible error. *See Martin, supra,* 119 *N.J.* at 15–18, 573 *A.*2d 1359 (failure adequately to charge on causation); *State v. Concep-*

*cion,* 111 *N.J.* 373, 381, 545 *A.*2d 119 (1988) (inadequate explanation of "reckless manslaughter"); *State v. Federico,* 103 *N.J.* 169, 176, 510 *A.*2d 1147 (1986) (failure to define release in "safe place" under kidnapping statute). Because of the significant risk that the jury could have misunderstood the requisite level of intent necessary for a conviction on attempted murder, we must reverse that conviction and remand for a new trial. *State v. Gilliam,* 224 *N.J.Super.* 759, 541 *A.*2d 309 (App.Div.1988) (attempted murder conviction reversed because of charge that jury must find defendant acted "purposely or knowingly").

▮ Defendant further contends that the erroneous instruction on attempted murder taints his first-degree robbery conviction. We disagree. The robbery statute, *N.J.S.A.* 2C:15–1b, elevates that crime to a first-degree offense if "the actor attempts to kill anyone, or purposely inflicts or attempts to inflict serious bodily injury, or is armed with, or uses or threatens the immediate use of a deadly weapon."

The court's instruction on first-degree robbery mirrored the statute:

> [A] person is guilty of a robbery, and robbery in the first degree if in the course of committing a theft ... he inflicts serious bodily injury on someone purposely or attempts to inflict serious bodily jury [sic] upon someone purposely or in the course of committing a theft the act for [sic; read "actor"] attempts to kill anyone.

Shortly after that instruction, in the charge on assault, the court defined "serious bodily injury" as "bodily injury which creates an [sic] substantial risk of death or which causes serious personal disfigurement or protracted loss or impairment of function of any body member." That definition is nearly identical to the statutory definition in *N.J.S.A.* 2C:11–1b: "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."

Although the infirmity in the charge on "attempted murder" may have created confusion on the "attempt to kill" element for elevating robbery to a first-degree offense, the charge regard-

ing the attempt to inflict serious bodily injury was correct. An attempt to inflict serious bodily injury during a theft is sufficient to support a first-degree robbery conviction. On the facts of this case, the underlying circumstance for attempted murder was the infliction of serious bodily injury. Hence, a correct instruction on the serious-bodily-injury element of first-degree robbery is sufficient to sustain the conviction. The erroneous instruction on attempted murder could not have tainted the robbery conviction.

We affirm the conviction for first-degree robbery, reverse the conviction for attempted murder, and remand the matter to the Law Division.

*For affirmance in part; for reversal in part; for remandment*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed*—None.