661 A.2d 1333

STATE OF NEW JERSEY, PLAINTIFF,
v. JESSE SHARP, DEFENDANT.

Superior Court of New Jersey
Law Division (Criminal) Union County

Decided January 28, 1993.

*Ann R. Rubin,* Esq., Assistant Prosecutor appearing for the State (*Andrew K. Ruotolo, Jr.,* Esq., Prosecutor of Union County).

*Robert Seelenfreund,* Esq., Assistant Deputy Public Defender appearing for the defendant (*Zulima V. Farber,* Esq., Public Defender).

IRONSON, J.S.C.

This opinion amplifies the Court's oral opinion given on the bench during the trial in this matter. The issue is whether a defendant can be guilty of attempted murder of two individuals when the defendant fires only one shot in the direction of the two persons. Research has failed to disclose any reported case in New Jersey dealing with this issue.

Defendant was indicted by the Union County Grand Jury on January 21, 1992, and charged with thirteen counts, two of which charged the defendant with the attempted murder of Elizabeth police officers, James Mooney and William Capraun. The testimony of the officers was to the effect that on October 10, 1991, they were in pursuit of the defendant who they believed to have stolen a car. While chasing defendant on foot on the grounds of a housing project, the officers lost sight of him when defendant ran around a garbage dumpster. As the officers rounded the dumpster, they observed defendant crouched down with his back against a wall holding a gun in his hands. The police officers were standing shoulder to shoulder and each officer thought the gun was pointed at his chest. When the officers were approximately five feet from defendant, he pulled the trigger. According to the officers, they heard a muffled sound, but neither were struck by a bullet. Defendant thereupon dropped the gun and fled but was apprehended. Officer Capraun's partner retrieved the weapon and found one live bullet in the magazine, a shell casing from the chamber and two pieces of a spent bullet in the barrel of the gun. It was concluded that the gun misfired as a result of either a defect in the bullet or the trigger being in a half-cocked position.

At the conclusion of the State's case, the defendant moved to dismiss all counts of the indictment. The motion was denied and with respect to the two attempted murder counts, one of the issues focused on whether a jury could convict an individual of two counts of attempted murder of two victims when only one shot was fired.

In this matter, in order for the defendant to be guilty of the crime of attempted murder, the State must prove beyond a reasonable doubt, first, that it was the defendant's purpose to cause the death of Officer Mooney and/or Officer Capraun; and secondly, the defendant purposely did anything which, under the circumstances as a reasonable person would believe them to be, was an act constituting a substantial step in a course of conduct planned to culminate in his causing the death of Officer Mooney and/or Capraun. *State v. Rhett*, 127 *N.J.* 3, 7, 601 *A.*2d 689 (1992); *State v. Gilliam*, 224 *N.J.Super.* 759, 763–64, 541 *A.*2d 309 (App. Div.1988). To amount to a substantial step, the conduct must be "strongly corroborative of the actor's criminal purpose." *N.J.S.A.* 2C:5–1b. Although mere preparatory steps may constitute an attempt, very remote preparatory acts are excluded from the definition of attempt. *State v. Fornino*, 223 *N.J.Super.* 531, 539 *A.*2d 301 (App.Div.), *certif. denied*, 111 *N.J.* 570, 546 *A.*2d 499, *cert. denied*, 488 *U.S.* 859, 109 *S.Ct.* 152, 102 *L.Ed.*2d 123 (1988).

Research has failed to disclose a published New Jersey opinion on point, however, two Illinois cases are instructive. In *People v. Mimms*, 40 *Ill.App.*3d 942, 353 *N.E.*2d 186 (1976), two officers attempted to interview a robbery suspect. When they approached the suspect and identified themselves, the suspect fired a sawed-off rifle in the direction of the two officers. The court held that a general finding of guilt was sufficient to support a two-count attempted murder indictment arising from one single incident where defendant discharged his rifle in the direction of the two officers and placed both of their lives in danger. *Id.*, 353 *N.E.*2d at 189. Defendant's actions in firing the rifle displayed his intent to kill either policeman. The Appellate Court of Illinois noted that

the police officers ... could see the defendant as he turned and fired his rifle. Their testimony was clear and credible that the defendant placed both of their lives in danger when he discharged the weapon in their direction. The trial court properly considered the circumstances surrounding the assault, and found that the defendant fired his rifle with total disregard for the safety of the police officers in question.

*[Id* at 188]

In *People v. Bigsby,* 52 *Ill.App.*3d 277, 9 *Ill.Dec.* 924, 367 *N.E.*2d 358 (1977), an officer observed a man fitting a broadcast description and heard shots fired. When the officer called to the suspect to halt, the suspect raised his hand and fired one shot at the officer and his partner. In addition to other counts, defendant was found guilty of the attempted murder of the two police officers. The Appellate Court of Illinois held that there was sufficient evidence to support the separate convictions and sentences for the attempted murder of the two police officers. "Defendant fired at both officers, endangered both their lives and displayed an intent to kill either or both of them." *Id.* 9 *Ill.Dec.* at 929, 367 *N.E.*2d at 363.

With respect to the defendant's motion to dismiss at the conclusion of the State's case under R. 3:18–1, *State v. Reyes,* 50 *N.J.* 454, 458–459, 236 *A.*2d 385 (1967) holds that:

... the broad test for determination of such an application is whether the evidence at that point is sufficient to warrant a conviction of the charge involved ... more specifically, the question the trial judge must determine is whether, viewing the State's evidence in its entirety, be that evidence direct or circumstantial, and giving the State the benefit of all its favorable testimony as well as all of the favorable inferences which reasonably could be drawn therefrom, a reasonable jury could find guilt of the charge beyond a reasonable doubt.

In the instant case, sufficient credible evidence existed for a reasonable jury to convict defendant of the attempted murder of both officers. A reasonable jury could well find that the defendant acted with the purpose of killing the officers, and that by pointing the gun at the officers and pulling the trigger, defendant endangered both their lives. A reasonable jury could conclude that the defendant's total disregard for the safety of the officers evidenced an intent to kill both officers.

Moreover, defendant took a substantial step in the course of conduct planned to culminate in the officers' murder. Defendant pointed a loaded gun at both officers and pulled the trigger. This conduct went beyond remote preparatory acts and was "strongly corroborative" of defendant's criminal purpose. By firing the one shot, a reasonable jury could conclude that defendant took a substantial step in the course of conduct planned to culminate in the death of one or both officers.

The conclusion of this court therefore is that based upon the facts of this case, a reasonable jury may convict a defendant of two counts of attempted murder where both counts arose from a single shot fired at two police officers.