661 A.2d 1297

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. JESSIE SHARP, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted May 2, 1995—Decided May 19, 1995.

Before Judges MICHELS, STERN and HUMPHREYS.

*Susan L. Reisner,* Public Defender, attorney for appellant (*Stephen A. Caruso,* Assistant Deputy Public Defender, of counsel and on the brief).

*Andrew K. Ruotolo,* Jr., Union County Prosecutor, attorney for respondent (*Margaret Dougherty,* Prosecutor's Agent, of counsel and on the brief).

PER CURIAM.

Tried to a jury, defendant Jessie Sharp was found guilty of (1) unlawful possession of a weapon, a crime of the third degree, in violation of *N.J.S.A.* 2C:39–5(b) (Count One); (2) possession of a weapon with a purpose to use it unlawfully against the person of another, a crime of the second degree, in violation of *N.J.S.A.* 2C:39–4(a) (Count Two); (3) aggravated assault, a crime of the third degree, in violation of *N.J.S.A.* 2C:12–1(b)(5) (Count Four); (4) two counts of resisting arrest, crimes of the fourth degree, in violation of *N.J.S.A.* 2C:29–2(a) (Counts Five and Ten); (5) two counts of aggravated assault, crimes of the fourth degree, in violation of *N.J.S.A.* 2C:12–1(b)(4) (Counts Six and Eight); (6) two counts of attempted murder, crimes of the first degree, in violation of *N.J.S.A.* 2C:5–1 and *N.J.S.A.* 2C:11–3 (Counts Seven and Nine);

and (7) receiving stolen property, a crime of the third degree, in violation of *N.J.S.A.* 2C:20–7 (Count Eleven).

The trial court denied defendant's *pro se* motion for a new trial and granted the State's motion to sentence defendant to an extended term as a persistent offender. The trial court merged defendant's conviction for possession of a weapon with a purpose to use it unlawfully against a person of another under Count Two into his convictions for attempted murder under Counts Seven and Nine, merged defendant's conviction for aggravated assault under Count Six into his conviction for attempted murder under Count Seven and his conviction for aggravated assault under Count Eight into his conviction for attempted murder under Count Nine.

The court committed defendant to the custody of the Commissioner of the Department of Corrections (Commissioner) for an extended term of fifty years with a twenty year period of parole ineligibility, imposed a $2500 fine and assessed a $30 Violent Crimes Compensation Board (VCCB) penalty for defendant's conviction for attempted murder under Count Nine. Additionally, the trial court sentenced defendant to concurrent terms aggregating fifteen years with a six-year period of parole ineligibility on the remaining counts (Counts One, Four, Five, Seven, Ten and Eleven) which were to be served concurrently with the sentence imposed for attempted murder under Count Nine. With regard to these counts, the trial court also imposed fines totaling $4,500 and assessed VCCB penalties totaling $180. Thus, the concurrent sentences imposed upon defendant aggregated fifty years with twenty years of parole ineligibility, $7,000 in fines and $210 in VCCB penalties. Defendant appealed.

Defendant seeks a reversal of his convictions or, alternatively, a modification of his sentences on the following grounds set forth in his brief:

   I.  THE PROSECUTOR'S IMPROPER REMARKS DENIED THE DEFENDANT A FAIR TRIAL. *U.S. CONST.* AMEND. XIV; *N.J. CONST.* (1947), ART. I, PAR. 10. (Partially Raised Below).

   II. THE ADMISSION OF "OTHER CRIMES" EVIDENCE, WITHOUT BENEFIT OF A SPECIFIC LIMITING INSTRUCTION, SEVERELY

PREJUDICED THE DEFENDANT'S RIGHT TO A FAIR TRIAL AND
VIOLATED *EVID.R.* 55. (Partially Raised Below).

III.  THE TRIAL COURT ERRED IN FAILING TO GRANT DEFENDANT'S
MOTION FOR A JUDGMENT OF ACQUITTAL AT THE CLOSE OF
THE STATE'S CASE.

IV.  THE EXTENDED TERM SENTENCE IMPOSED BY THE TRIAL
JUDGE IS EXCESSIVE AND INAPPROPRIATE UNDER THE MAN-
DATE OF THE CODE OF CRIMINAL JUSTICE.

Defendant also submitted a *pro se* supplemental brief in which he contends, among other things, that (1) the prosecutor's improper remarks denied him a fair trial and due process; (2) the prosecutor's questioning of a witness concerning other car keys found on defendant's key ring constituted improper evidence of other crimes and violated his right to due process; and (3) the trial court erred in charging the jury with respect to attempted murder.

We have carefully considered these contentions and all of defendant's supporting arguments advanced by defendant through counsel and in his *pro se* supplemental brief, and find that they are without merit and warrant only the following discussion in a written opinion. *See R.* 2:11-3(e)(2).

We are satisfied from our study of the record that, contrary to defendant's claims, the evidence was sufficient for a jury to find beyond a reasonable doubt that defendant was guilty of the attempted murder of Police Officer James Mooney in violation of *N.J.S.A.* 2C:5-1 and *N.J.S.A.* 2C:11-3 as charged in Count Seven.[1]

Attempted murder requires that a "defendant must have purposely intended to cause the particular result that is the necessary element of the underlying offense—death." *State v. Rhett,* 127 *N.J.* 3, 7, 601 *A.*2d 689 (1992). It also requires the commission of a "substantial step" in the course of conduct that is to culminate in the commission of the crime. *See State v. Forni-*

---

[1] Defendant does not contend that there was insufficient evidence to sustain his conviction for the attempted murder of Patrolman William Capraun under Count Nine.

*no,* 223 *N.J.Super.* 531, 538, 540, 539 *A.*2d 301 (App.Div.), *certif. denied,* 111 *N.J.* 570, 546 *A.*2d 499, *cert. denied,* 488 *U.S.* 859, 109 *S.Ct.* 152, 102 *L.Ed.*2d 123 (1988); *State v. Clarke,* 198 *N.J.Super.* 219, 224, 486 *A.*2d 935 (App.Div.1985).

N.J.S.A. 2C:5–1 defines criminal attempt as follows:

a. **Definition of attempt.** A person is guilty of an attempt to commit a crime if, acting with the kind of culpability otherwise required for commission of the crime, he;

(1) Purposely engages in conduct which would constitute the crime if the attendant circumstances were as a reasonable person would believe them to be.

(2) When causing a particular result is an element of the crime, does or omits to do anything with the purpose of causing such result without further conduct on his part; or

(3) Purposely does or omits to do anything which, under the circumstances as a reasonable person would believe them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime.

b. **Conduct which may be held substantial step under subsection a.(3).** Conduct shall not be held to constitute a substantial step under subsection a.(3) of this section unless it is strongly corroborative of the actor's criminal purpose. . . .

Although defendant may have possessed only one gun and pulled the trigger only once, the jury could still have found beyond a reasonable doubt that defendant purposely intended to kill both Officer Mooney and Officer William Capraun. Officers Mooney and Capraun were standing shoulder to shoulder only five feet from defendant when defendant aimed the gun at their mid-chest area and fired his gun. Clearly, such actions would justify a finding that defendant acted with the purpose to kill both of the officers and that defendant's actions constituted a substantial step toward that result. Additionally, the trial court's reliance on the factually similar cases of *People v. Mimms,* 40 *Ill.App.*3d 942, 353 *N.E.*2d 186 (1976) and *People v. Bigsby,* 52 *Ill.App.*3d 277, 9 *Ill.Dec.* 924, 367 *N.E.*2d 358 (1977), was proper. In both those cases, the respective defendants were charged with attempted murder of two officers even though only a single shot was fired in the officers' direction. We agree with the Illinois Court of Appeals that where a defendant fires at two officers, he endangers the lives of both of them and displays an intent to kill both of

them. *Bigsby, supra,* 9 Ill.Dec. at 929, 367 *N.E.*2d at 363. Therefore, the State presented sufficient evidence to prove beyond a reasonable doubt that defendant attempted to murder both Officers Mooney and Capraun.

Consequently, Judge Ironson in the Law Division properly denied defendant's motions for a judgment of acquittal at the close of the State's case and at the conclusion of all of the evidence regarding the attempted murder of Officer Mooney charged in Count Seven and we affirm the denial of these motions substantially for the reasons expressed by him in his written opinion in *State v. Sharp,* 283 *N.J.Super.* 368, 661 *A.*2d 1333 (Law Div.1993). *See also R.* 3:18–1; *State v. Reyes,* 50 *N.J.* 454, 458–62, 236 *A.*2d 385 (1967). Moreover, the jury verdict which found defendant guilty of attempted murder of Officer Mooney was not a miscarriage of justice under the law. *R.* 2:10–1. *See State v. Carter,* 91 *N.J.* 86, 96, 449 *A.*2d 1280 (1982); *State v. Sims,* 65 *N.J.* 359, 373–74, 322 *A.*2d 809 (1974).

Accordingly, the judgment of conviction and the order for commitment under review are affirmed.