**NOT FOR PUBLICATION WITHOUT APPROVAL OF**
**THE TAX COURT COMMITTEE ON OPINIONS**

**TAX COURT OF NEW JERSEY**



**MARY SIOBHAN BRENNAN**
**JUDGE**

495 Dr. Martin Luther King, Jr. Blvd. Floor 4
Newark, New Jersey 07102
609 815-2922, Ext. 54560
Fax: 609 815-3079

February 2, 2024

Maegan Stallings
Self-Representing Plaintiff
18 Park View Ave.
Apt. 606
Jersey City, NJ 07302

Thomas J. Swan, Deputy Attorney General
Attorney for Defendant, Director, Division of Taxation
25 Market Street
PO Box 106
Trenton, New Jersey 08625-0106

Via ECourts

    RE:    **MAEGAN STALLINGS V DIRECTOR, DIVISION OF TAXATION**
           **Docket Nos.: 009002-2023**

Dear Ms. Stallings and DAG Swan:

    This letter opinion sets forth the court's findings of fact and conclusions of law on Director, Division of Taxation's ("Defendant" or "Division") R. 4:25-8 motion for an Order dismissing the Complaint as moot because Ms. Stallings ("Plaintiff") has been paid her requested refund plus interest.[1] Plaintiff opposes the motion, and alleges that the issues of attorney fees, accounting fees, punitive damages, and emotional distress damages remain to be decided. For the reasons explained

---

[1] Alternatively, defendant moves pursuant to R. 8:4-3(c) for leave to file an Answer out of time.







below, the court grants Defendant's motion and dismisses Plaintiff's Complaint with an award of $250.00 for the filing fee.

Background and Procedural History

In 2017, Meagan Stallings was a full time New Jersey resident employed by a payroll company in New York State. In April 2018, Plaintiff filed her New Jersey Gross Income Tax return ("NJ-GIT"), and inadvertently failed to claim credit for taxes paid to New York. This error resulted in an overpayment of her New Jersey taxes in the amount of $13,779.

On September 30, 2021, Plaintiff filed a 2017 NJ-1040X amended NJ-GIT tax return that reported the overpayment. Plaintiff requested a $13,779 ("2017 refund") through the amended return. Almost one year later, on August 29, 2022, the Division denied Plaintiff's 2017 refund claim as untimely filed.

The Division's erred in its denial for untimeliness. Pursuant to N.J.S.A. 54A:9-4(b) and 54A:9-8, the Plaintiff's deadline to claim a 2017 NJ-GIT refund with respect to a timely original return filed for tax year 2017 would have been April 15, 2021; however, with the onset of Covid-19, the New Jersey Legislature enacted a temporary extension of tax deadlines. This legislation, known as the Covid-19 Fiscal Mitigation Act [2], was signed into law and took effect April 14, 2020. If the original statutory deadline was on or after March 9, 2020, and before April 1, 2022, the legislation extended the statutory deadlines for filing a claim for refund under the Gross Income Tax Act to April 1, 2022.

On October 19, 2022, Plaintiff filed an administrative protest with the Division's Conference and Appeals Branch. On April 20, 2023, the Division's Conference and Appeals Branch held a hearing. Upon review of Plaintiff's administrative protest, the Division deemed Plaintiff's request

---

[2] Covid-19 Fiscal Mitigation Act, P.L. 2020, c. 19.

for refund as filed on time under the extension provided by the COVID-19 Fiscal Mitigation Act. On June 6, 2023, the Division issued its Final Determination reversing the initial determination that Plaintiff's refund claim was untimely.

However, this did not resolve the matter. The Division now denied the 2017 refund on the basis that Plaintiff failed to properly document the claimed credit for taxes paid to another jurisdiction in accordance with N.J.S.A. 54A:4-1 and N.J.A.C. 18:35-4.1(a)11(i).

N.J.A.C. 18:35-4.1(a)(11)(i), states "When claiming a credit for the taxes paid to another jurisdiction and/or political subdivision, the taxpayer must retain a signed copy of the tax return filed with the other jurisdiction ... showing the amount of the tax paid and must make it available at the Division's request." Plaintiff did not provide the Division with a filed New York tax return, and Plaintiff also admitted that she did not file a New York State Nonresident Income Tax Return for tax year 2017.[3]

On August 23, 2023, Plaintiff filed a timely Complaint [4] in the Tax Court of New Jersey requesting a refund of her $13,779 NJ-GIT overpayment plus interest. Additionally, Plaintiff also requested $15,000 to cover legal fees, a $1,200 accountant fee, and $50,000,000 in punitive damages based on the Taxpayer Bill of Rights.

Plaintiff served her Complaint on the Division and the Office of the New Jersey Attorney General on August 23, 2023. Pursuant to R. 8:4-3(b) and R. 1:3-1, the Division's Answer was due by October 22, 2023.

---

[3] At oral argument, Plaintiff indicated that upon receipt of the Final Determination letter, she contacted an accountant for the purpose of filing a New York State Nonresident Income Tax Return for tax year 2017, however the accountant did not do the work prior to Plaintiff's receipt of the 2017 refund.

[4] Pursuant to N.J.S.A. 54:51A-13., the complaint to the Tax Court is required to be filed within 90 days of the date of the Final Determination.

On September 4, 2023, the Division issued Plaintiff a refund in the amount of $15,694.01, which was comprised of $14,250.00 in 2017 NJ-GIT tax overpayment, and $1,444.01 accrued statutory interest.

On January 17, 2024, the Division filed the instant motion to dismiss Plaintiff's Complaint as moot.

On January 25, 2024, Plaintiff filed opposition to this motion. In her opposition papers, she requested "…$22,851, 660 in damages for the amplified emotional distress during a pandemic, lost time, lost wages and opportunity for investment, inconvenience, and legal costs associated with fighting to recover what was rightfully hers for two years."

Exhibit H of Plaintiff's Opposition papers is an email chain that begins on August 8, 2023 with the following email from Plaintiff to an individual identified as Council E – James Solomon:

> Hello James,
>
> Hope you're having a great summer.
>
> Your most recent newsletter hit my inbox as I'm in the midst of a frustrating tax situation with the state of NJ. While your email was about property taxes, it was an interesting coincidence to receive a tax related email so I figured it was worth emailing you with a question.
>
> The short story is that I OVERPAID NJ states taxes in 2017. I realized the error just before Covid lockdown. At the time, it was impossible to get anyone from NJ state treasury on the phone to help me. And while I was dealing with the overall stress of life in a pandemic, I ended up filing the request for my money back "too late". There is a 3 year limit.
>
> I received a final determination in June that denied my request. However it still leaves the door open to go to tax court (which is what I'm trying to figure out right now). I've reached out to tax attorneys & CPA's. They all feel for me, but do not want to take my case as the rules are strict and they don't think I have much chance of getting my money back.

4

I cannot accept this. The state has $13,000 of mine (yes, $13K!) at this point and it seems incredibly unjust. I made a mistake and OVERPAID. The punishment doesn't fit the crime at all and I don't know who can help with this. People with DUI's and assault charges pay less for far worse! I don't understand how the state will settle with people who intentionally evade taxes, yet I have no chance of getting ANY of my money back due to a technicality. This seems like a rule that needs to be fixed...(take a percentage for the late paperwork, but NJ keeping everything is downright theft).

Do you have any idea who can help me with this? One CPA suggested that I try to find free legal services since no one would want to take my money knowing the chances of getting my money back are slim.

Any guidance is greatly appreciated.

Many thanks,

Maegan

On August 9, 2023, Mr. Solomon responded to Plaintiff:

Hi Maegan,

Wow - I am sorry you are dealing with that. We will see what we can do - has anyone you spoken to looked to see if Covid waived the 3 year statute of limitations?

-James

That same day Plaintiff responded back to Mr. Solomon:

Hi James,

Thank you so much for the quick reply. I was actually going to write you back this morning. After further review of the recent determination, I actually think I did qualify within the time frame. The way this was handled by the NJ division of taxation is very confusing and feels deceptive. My original request was denied "because too much time had passed for a claim to be filed".

I requested a conference based on that reason, so I could basically beg for my money back with the hopes they could make an exception to their timeline. Two months after the conference, I received the FINAL DETERMINATION, which confusingly

5

explains that I actually DID file within the statute of limitations because of the Covid extension, BUT it was denied because my NYS tax return was not included in my original request. A copy of my NYS tax return is not required, nor was it mentioned that it was needed when I received my first rejection. This feels retaliatory and deceptive and they moved the goal posts in order to keep money that doesn't belong to them.

As this was happening, I also received an audit notice for my 2019 taxes due to an error on my W-2 (which I promptly corrected and returned). The timing of the audit is very strange and feels as if they were going back and looking to find anything they could to keep any money they could from me.

If this was a minor amount of money I may have given up, which seems to be the goal here. And I wonder how many residents NJ takes money from this way.

I'm going to continue my search for an attorney today and I think my case might be something one might take with this new information. And if you find anyone who can help me sue NJ Division of taxation, please send them my way!

Thanks again,

Maegan

On August 23, 2023, Mr. Solomon emailed an individual in the governor's office advising of Plaintiff's predicament and requesting assistance. Following receipt of Mr. Solomon's email, that individual sent an email to the Treasury Department and Division of Taxation. The final internal emails from Treasury indicate that the refund should have been paid, and that "it appears our folks messed up."

The Division filed a reply to Plaintiff's opposition on January 29, 2024. The Division argues that Plaintiff cannot be compensated for damages pursuant to the Taxpayer Bill of Rights because no evidence exists in the record of a knowing disregard of any tax law by any Division employee. Furthermore, the Division argues that the circumstances of the Covid-19 Pandemic is a mitigating factor in its error in denying the 2017 refund.

6

The court heard oral argument on February 2, 2024.

Legal Analysis

An issue is 'moot' when the decision sought in a matter, when rendered, can have no practical effect on the existing controversy." Greenfield v. N.J. Dep't of Corr., 382 N.J. Super. 254, 257 (App. Div. 2006) (quoting N.Y. Susquehanna & W. Ry. Corp. v. State Dep't of Treasury, Div. of Taxation, 6 N.J. Tax 575, 582 (Tax 1984). Additionally, "[a] case is technically moot when the original issue presented has been resolved, at least concerning the parties who initiated the litigation." Betancourt v. Trinitas Hosp., 415 N.J. Super 301, 311 (App Div 2010) (quoting DeVesa v. Dorsey, 134 N.J. 420, 428 (1993)).

The Division's payment in full of Plaintiff's 2017 refund with statutory interest renders that issue moot; however, the issue of Plaintiff's request for damages in the context of attorney fees, accountant fees, punitive damages, and emotional distress remains.

*1. Plaintiff's Request for Costs*

The New Jersey Legislature has provided a statutory mechanism for the recovery of costs to a prevailing taxpayer.

N.J.S.A. 54:51A-22 states:

> a. A prevailing taxpayer in a court proceeding in connection with the determination, collection or refund of any tax, penalty or interest may be awarded a judgment or settlement for the reasonable litigation costs, not to exceed $15,000, incurred in the proceeding, based upon:
>
> (1) the reasonable expenses of expert witnesses,
>
> (2) the reasonable costs of studies, reports or tests, and
>
> (3) the reasonable fees of attorneys, not to exceed $75 per hour unless by special determination of the court of the existence of a special factor.

7

b. An award under subsection a. shall be made only for the costs allocable to the State, and not to any other party.

c. No award under subsection a. shall be made with respect to any portion of the proceedings during which the prevailing taxpayer has unreasonably protracted the proceedings.

d. Whenever it appears to the court that proceedings have been instituted or maintained by the taxpayer primarily for delay, that the taxpayer's position in the proceedings is without grounds, or that the taxpayer unreasonably failed to pursue administrative remedies, the State may be awarded a judgment or settlement for its reasonable litigation costs, not to exceed $15,000, incurred in the proceedings.

e. For the purposes of this section, "prevailing taxpayer" means a taxpayer that establishes that the position of the State was without reasonable basis in fact or law. The determination of whether a taxpayer is a prevailing taxpayer is to be determined by the court.

[N.J.S.A. 54:51A-22]

Plaintiff requests that the court award her both attorney fees and accounting fees; however, the documents submitted indicate that neither an attorney nor an accountant were retained or involved in Plaintiff's dispute with the Division. Furthermore, Plaintiff's own emails clearly indicate that she was not being represented by either an attorney or an accountant. Accordingly, since the Plaintiff represented herself in this dispute, and was not represented by an attorney or an accountant at any point during this dispute, no legal basis exists for the recovery of these costs.

The court notes that Plaintiff incurred a $250.00 filing fee with the Tax Court. To the extent that the Division's own employees have admitted to making a mistake or as was stated, "messed up," the court finds there is a sufficient basis to award Plaintiff reimbursement of her filing fee pursuant to N.J.S.A. 54:51A-22.[5]

2. *Plaintiff's Request for Punitive Damages and Economic Damages*

---

[5] See also R. 4:42-8.

8

When a claim is made for damages against a government entity based upon negligent conduct, the Torts Claims Act, N.J.S.A. 59:1-1 to 12-3, governs the claim. The Tort Claims Act provides specific exceptions to the doctrine of sovereign immunity. Except when it specifically imposes liability, public entities remain immune from negligence suits. N.J.S.A. 59:1-2. Accordingly, the Tort Claims Act must be strictly construed to permit lawsuits only where specifically delineated.

Within the Tort Claims Act, N.J.S.A. 59:9-2(c) provides that "[n]o punitive or exemplary damages shall be awarded against a public entity." Additionally, the Tort Claims Act contains a specific section with respect to immunity for taxing mistakes.

N.J.S.A. 59:7-2 provides:

> Neither a public entity nor a public employee is liable for an injury caused by:
>
> a. Instituting any judicial or administrative proceeding or action for or incidental to the assessment of collection of a tax.
>
> b. An act or omission in the interpretation or application of any law relating to a tax.
>
> [N.J.S.A. 59:7-2]

Thus, the Tort Claims Act specifically bars any claims Plaintiff brings for punitive damages or emotional distress damages.

With respect to N.J.S.A. 54:51A-23, the legislature has provided for the recovery of economic damages in tax matters in certain situations. Specifically, that statute states:

> If an employee of the Division of Taxation knowingly disregards any tax law, any provision of this subtitle, or any regulation promulgated thereunder, in the collection of any tax; or if an employee of the Division of Taxation knowingly, recklessly or negligently fails to release a lien against or bond on a taxpayer's property, then the taxpayer may, within two years from the date the taxpayer could reasonably discover the actions of the employee or director, bring an action for damages against the State in the tax

court, provided that the damages shall be limited to the actual direct economic damages suffered by the taxpayer as a proximate result of the actions of the employee or director, plus costs, reduced by the amount of such damages and costs as could reasonably have been mitigated by the taxpayer. Such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

[N.J.S.A. 54:51A-23]

Pursuant to this statute, assuming a taxpayer can prove actual economic damages, the Division's employee's action alleged to have caused harm must have occurred from a "knowing disregard of a tax law or regulation." Richardson v. Dir., Div. of Taxation, 14 N.J. Tax 356, 366 (Tax 1994) (citing N.J.S.A. 54:51A-23). A person acts knowingly with respect to the nature of his conduct or the attendant circumstances, if he is aware that his conduct is of that nature, or that such circumstances exist, or he is aware of a high probability of their existence. See State v. Rhett, 127 N.J. 3, 6 (1992) (citing N.J.S.A. 2C:2-2b (2)). A person acts knowingly with respect to a result of his conduct if he is aware that it is practically certain that his conduct will cause such a result. Id.

Applying the above, there is no evidence of economic damages suffered by Plaintiff other than the inability to use the 2017 refund during the relevant period, which is rectified by the statuary interest the Division has paid. Also, although irrelevant in the absence of evidence of actual economic damages, there is additionally no evidence that the decision of the Division employee(s) to withhold payment of Plaintiff's 2017 tax refund was made with knowing disregard of any tax law or regulation. It was quite simply a mistake.

The Division reversed its initial determination based on untimeliness upon the realization that the statutory deadline had been extended. The Division's second denial was based on Plaintiff's failure to provide a New York tax return when requested by the Division as authorized by N.J.A.C. 18:35-4.1(a)(11)(i). While the Division may have emphasized form over substance in this regard, this position does not disregard tax regulations, but rather adheres to them.

10

For these reasons, the court rejects Plaintiff's request for punitive and emotional distress damages, and any other damages except for the $250 filing fee.

Conclusion

The court grants the Division's motion to dismiss Plaintiff's Complaint, subject to the reimbursement of Plaintiff's $250 filing fee. The Division has issued the 2017 tax refund, along with the statutory accrued interest. All other claims for relief are either not recoverable by law, or unsubstantiated by the undisputed facts shown by the documents filed with this motion, with the opposing papers, and with the admissions and acknowledgments on the record during oral argument.

/s/ Mary Siobhan Brennan
Hon. Mary Siobhan Brennan, J.T.C.

11